PICKETT, Judge.
The Orderly Milk Marketing Law, Act 193 of 1958, as amended by Act 340 of 1962 (LSA-R.S. 40:940.1 et seq.) authorizes the Louisiana Milk Commission (Commission) to establish the minimum price at which milk and other dairy products may be sold by retailers (LSA-R.S. 40:940.19(4)). The Commission has established such prices. On February 4, 1965, Schwegmann Brothers Giant Supermarkets (Schwegmann) filed suit under the above entitled cause, attacking the constitutionality of said statute. The trial court upheld the constitutionality of the said statute, dismissed Schweg-mann’s suit, and issued a permanent injunction enjoining the violation of the provisions of the statute, particularly LSA-R.S. 40:940.19(5) relating to the sale of ice cream and other frozen desserts at a price less than that required by the Commission’s price order. The judgment of the District *866 Court was affirmed by the Court of Appeal, First Circuit (200 So.2d 37); and the Supreme Court declined to review (251 La. 51, 202 So.2d 658).
In the meantime, and prior to the rendition of the above mentioned judgment, Schwegmann filed suit in the Federal Court attacking the constitutionality of the Milk Marketing Law. But the Federal suit was held in abeyance until the disposition of the suit filed in the State Court. After the disposition of the above mentioned suit, the suit in the Federal Court was activated and submitted and is under advisement by a three-judge panel of the United States District Court for the Eastern District of Louisiana.
During May, 1972, Schwegmann began offering his customers a refund of six cents (6‡) per one-half gallon, and twelve cents (12^5) per gallon on purchases of milk. The refund was to be payable if and when the Milk Marketing Law should be declared unconstitutional, or repealed.
The Louisiana Milk Commission instituted this action endeavoring to enjoin Schwegmann from giving, or offering to give, refunds to customers in connection with purchases of milk or other dairy products subject to the regulatory authority of the Louisiana Milk Commission, or taking any other action contrary to the Orderly Milk Marketing Law.
Schwegmann answered with what amounts to a general denial of the allegations of the Commission, except admissions made in an affidavit by Alvin J. Caillouet, Office Manager and Director of Accounts for Schwegmann, which affidavit is attached to the answer and made a part thereof.
After trial the District Court rendered judgment, the decretal portion of which is as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the rule nisi be and the same is hereby made absolute to the extent that Schwegmann Brothers Giant Super Markets, its partners, agents and employees, are enjoined, restrained and prohibited from giving or offering to give refunds to customers in connection with purchases of milk or other dairy products subject to the regulatory authority of the Louisiana Milk Commission unless such offers and refunds are conditioned upon an adjudication of retroactive unconstitutionality of the Orderly Milk Marketing Law; and, except as set forth hereinabove, the said rule is hereby vacated.”
The Commission has appealed devolu-tively.
The facts are undisputed. The real issue is whether or not Schwegmann, who is selling milk at the minimum price fixed by the Commission’s order, may legally offer to pay a refund to customers on purchases of milk, if and when the Louisiana Orderly Milk Marketing Law is repealed or declared unconstitutional.
The affidavit of Mr. Caillouet, which constitutes a part of Schwegmann’s answer, states:
“All Schwegmann Bros’ offers to refund ‘excess profits’ on fluid milk have been expressly conditioned on either (1) a final judicial declaration that the Louisiana Orderly Milk Marketing Law is unconstitutional, or (2) a legislative repeal of the Law, with a provision for the legal payment of the proposed refund. If either of these conditions are met and the customer submits the proper evidence of purchase from Schwegmann Bros., the conditions precedent to Schwegmann Bros’ refund offer have been satisfied.”
However, the written offers attached to Mr. Caillouet’s affidavit do not contain the qualifying .language used in the affidavit. The portion of the written offers which commit Schwegmann to make refunds is as follows:
“Therefore, we are now committing ourselves to refund these excess profits that the price-fixing law requires on fresh *867 milk, based on the retail price in effect this date. Save the side panel from each Schwegmann half gallon carton (the one which lists the other fine Schwegmann dairy products) and the cap from the gallon container. You will receive a refund of 6‡ on each half gallon and on each gallon, if and when we are successful in our battle to have the Louisiana Orderly Milk Marketing Act declared unconstitutional or if the Act is repealed.”
The written offers of refunds are not on condition that the refunds will he made only if the law is found to be void ab initio. Schwegmann does not limit the promise to pay the proposed refunds on condition that the Louisiana Orderly Milk Act is declared unconstitutional, but promises to pay the refunds if the Act is repealed. This Court has already confirmed the constitutionality of the Act. (200 So.2d 37) Therefore, if the Act should be repealed by the legislature at some future date, its present validity will not be affected. Hence, Schwegmann’s promise to pay refunds that are presently prohibited by the Act is clearly illegal. The Trial Judge, in his written reasons for judgment, states that counsel for Schwegmann conceded, during oral argument, and in their original memorandum, that Schwegmann’s offer must be conditioned on a future finding of unconstitutionality which would render the statute “void ab initio.” The Trial Judge found the offers by Schwegmann to make refund payments should be enjoined as requested by the Commission. We concur in that finding.
However, the Trial Judge, in the judgment rendered, provided that Schweg-mann might make the offers for refunds provided that they were conditioned upon an adjudication of retroactive unconstitutionality of the Act. We cannot agree with that provision of the Trial Court’s judgment. The Commission in this action seeks injunctive, relief to prohibit Schwegmann from making the kind of refund offers, in connection with the sale of milk, that he was making at the time this action was instituted. The Trial Court found those refund offers to be in violation of the Louisiana Orderly Milk Marketing Act and the order of the Commission issued in conformity therewith. We concur in that finding. But we cannot affirm that portion of the judgment of the lower court which permits Schwegmann to make refund offers different from those sought to be enjoined, and which were not being made at the time this action was instituted.
This is not a declaratory judgment action. The Commission does not seek to declare what Schwegmann’s rights may be. The Commission seeks to prohibit Schweg-mann from making offers to refund or making actual refunds or from taking any other action contrary to the regulation in question. Schwegmann does not ask for a declaration of its rights. Schwegmann’s answer to the Commission’s Rule Nisi admits the nature of its refund offers, and merely prays that the Commission’s request for injunctive relief be denied. Under the circumstances, we are confined to the record as presently constituted. What Schwegmann may do in the future in the way of making refund offers, or the conditions that he may attach to such offers, are not before us at this time. Hence we must reverse that portion of the trial court’s judgment which permits Schweg-mann to continue making refund offers conditioned upon a declaration of retroactive unconstitutionality of the regulation in question.
We find that the judgment appealed should be broadened, as requested by the Commission, to enjoin Schwegmann from making refunds on the basis of caps and side panels issued pursuant to the offers which form the basis of this present litigation.
We find no merit in the Commission’s argument that Schwegmann should be enjoined from making any and all refund offers and/or refunds if and when presently *868 pending federal litigation is decided adversely to Schwegmann.
For the above and foregoing reasons, that portion of the judgment appealed from which permits Schwegmann to make refund offers conditioned upon an adjudication of the retroactive unconstitutionality of the Louisiana Orderly Milk Marketing Act is reversed and set aside. The judgment of the trial court is also amended to enjoin Schwegmann from making any refunds on the basis of caps and side panels issued pursuant to the offers forming the basis of this litigation. Except as herein expressly reversed in part and amended, the judgment is affirmed at Schwegmann’s costs.
Affirmed in part, reversed in part, amended and rendered.