290 So.2d 312 (1974)
SCHWEGMANN BROTHERS GIANT SUPER MARKETS, Opponent to Injunction-Appellee-Relator,
v.
LOUISIANA MILK COMMISSION, Mover for Injunction-Appellant-Respondent.
No. 54056.
Supreme Court of Louisiana.
February 18, 1974.
*313 Paul O. H. Pigman, Michael R. Fontham, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiff-applicant.
Ellis C. Magee, John V. Parker, Sanders, Miller, Downing & Kean, Baton Rouge, for defendant-respondent.
TATE, Justice.
These proceedings arise from an effort by the Louisiana Milk Commission to enforce its regulatory powers with regard to price-fixing under the Orderly Milk Marketing Law, La.R.S. 40:940.1-40:940.23 (as amended through 1972).
Briefly stated, the Commission seeks to enjoin Schwegmann Brothers from giving or offering to give refunds in connection with purchases of milk and dairy products. The trial court granted a limited injunction, but the intermediate court broadened the injunction somewhat so as to enjoin refunds even on the limited basis allowed by the trial court. 282 So.2d 865 (La.App. 1st Cir. 1973). We granted certiorari, 284 So.2d 770 (La.1973), on the sole complaint that such broadening of the injunction was incorrect.
At the outset, we are met with the contention by Schwegmann Brothers that our grant of certiorari brings the whole case up before us, see Broussard v. National Food Stores of La., Inc., 258 La. 493, 246 So.2d 838 (1971), so that therefore it may here once again urge the unconstitutionality of the statute permitting price-fixing for dairy products. This ingenious and complex argument is based upon the rather complicated procedural stance of this litigation.[1] Nevertheless, the only issue before us is that upon which certiorari was granted:
The judgment here reviewed is based upon the Commission's motion for injunctive relief. By this motion, a preliminary injunction was sought, by rule to show *314 cause, La.C.Civ.P. arts. 3601, 3602, with proof to be by affidavit, La.C.Civ.P. art. 3609. Schwegmann's answer to the motion admitted all of the allegations except those relating to the 1972 refund offers being made by Schwegmann Brothers. The Commission sought only to prohibit refund offers by Schwegmann.
Thus, the pleadings put at issue only those allegations seeking an injunction against Schwegmann Brothers's offers of refunds for milk purchased since May, 1972. Schwegmann did not, by answer or any other pleading to the Commission's motion, raise any issue of the unconstitutionality of the statute upon which the Commission's action was based.
Under these circumstances, the only issue before us concerns the correctness or not of the court of appeal judgment insofar as it prohibited refunds, the only error of which Schwegmann Brothers complained in its application for certiorari and the only specified error upon which certiorari was granted. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971).[2] The issue of unconstitutionality is not before us not only for that reason, but also because it was not raised in the trial court within the frame of the pleadings upon which is based the judgment here reviewed. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
The relatively minor issue before us arises in this context:
In state courts, Schwegmann Brothers lost earlier litigation attacking as unconstitutional the price-fixing of dairy products. See footnote 1 above. It thereupon pressed a suit in federal court to have such price-fixing there declared unconstitutional as offending federal rights.[3]
While this federal litigation was pending, Schwegmann Brothers instituted an advertising campaign offering refunds to its customers of 6$ per half-gallon and 12$ per gallon on milk purchased. The refund was conditioned on the repeal of the price-fixing act or upon its being declared unconstitutional in the federal litigation. The Commission then brought this injunctive proceeding to bar such refund offers as illegal price-competition (i. e., by giving free a thing of value with the product purchased, so as to reduce its price below the minimum net selling price permitted).
The preliminary injunction application was tried on the basis of an affidavit executed by a Schwegmann Brothers official, to which certain exhibits were attached. The trial court granted the Commission an injunction, but only insofar as the pending offers were conditioned upon a repeal of the statute or upon a non-retroactive judicial holding that the price-fixing was unconstitutional.[4] However, the court limited the injunction issued by providing that such refund offers were prohibited "unless such offers to refund are conditioned upon an adjudication of retroactive unconstitutionality."[5] (Italics ours.)
*315 The court of appeal reversed the trial court insofar as it permitted Schwegmann Brothers to make refund offers conditioned upon an adjudication of retroactive unconstitutionality. Certiorari was granted by us solely to review this reversal.[6]
The court of appeal reasoned that, since this is not a declaratory judgment action, the only refund offer before the court was that complained of by the Commission. This offer had broadly offered refunds to become effective if ever price-fixing was repealed or held unconstitutional. The court of appeal stated: "What Schwegmann may do in the future in the way of making refund offers, or the conditions he may attach to such offers, are not before us at this time." 282 So.2d 867.
We cannot agree to such procedural ruling.
The Commission had sought a preliminary injunction prohibiting Schwegmann Brothers "from giving or offering to give refunds to customers in connection with purchases of milk." The opponent denied the right of the Commission to any injunction whatsoever. Under the trial judge's reasoning, the broad and unrestricted injunctive prohibition sought could not apply to a certain type of refund offer. Therefore, in granting the injunction, he exempted from the prohibition that type of refund offers he felt were legal and proper.
In so doing, he was within his procedural power. He did not have to either grant or deny the full injunction sought. Instead, he could (as he did) give only that partial relief to which the applicant or the opponent was entitled under the showing made. As provided by La.C.Civ.P. art. 862: "* * * a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.[7]
At last we arrive at consideration of the substantive merit of the trial court's ruling. In limiting the injunction so as to exclude a prohibition of refund offers solely conditioned upon a retroactive judicial declaration of unconstitutionality, the court reasoned:
"Absent any offer or statement of intention to do so, Schwegmann could, undoubtedly, subsequent to a declaration of retroactive invalidity (void ab initio status resulting from a judgment declaring the Law unconstitutional), lawfully and legally make refunds to his customers. However, in attempting to make such refunds he would encounter the practical problem of knowing how much refund each customer is entitled to. To declare at this time, while the matter is pending, his intention to refund if and when he is in a legal position to do so and to suggest to his customers an accounting device or acceptable method of proof as to the amount due each not only appears perfectly legal but also most practical.
"This Court accepts the argument of Schwegmann that this offer is a means of protecting the potential constitutional *316 rights of consumers. Schwegmann is stating, as he undoubtedly has a right to do, what he would charge for milk but for the pricing order. Promising to make a future adjustment if and when in a legal position to do so does not reduce the present price of milk, and the payment upon retroactive declaration of invalidity is certainly not prohibited when it is made subsequent to a declaration that says in effect that no order existed at the time of the original sales."
We are aware of the force of the Commission's argument that the refund-offer campaign was more of an advertising gimmick in the nature of subtle price-competition, rather than a good faith effort to enable customers to prove their entitlement to refund in the event the price-fixing statute is declared unconstitutional retroactively.[8]
Nevertheless, under the showing made in this hearing for a preliminary injunction, the trial judge did not abuse the sound discretion granted to him to grant or deny such relief.
Ordinarily, a preliminary injunction is a procedural device interlocutory in nature designed to preserve a status pending final determination of an action. The main difference between a preliminary injunction and a permanent injunction is that the former may be issued through summary (rather than ordinary) proceedings and may be based upon verified pleadings or affidavits, as well as upon ordinary proof, which present a prima facie case justifying its issuance, whereas the latter requires full proof by the preponderance of the evidence at (unless waived) a full trial under ordinary proceedings. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if erroneously exercised. Further, an aggrieved party may also move for the dissolution or modification of a preliminary injunction in the trial court upon short notice at any time.
See: La.C.Civ.P. arts. 3601, 3602, 3606, 3607, 3609, 3612. See also: Ridge Park, Inc. v. Police Jury of Jefferson Parish et al., 210 La. 351, 27 So.2d 128 (1946); Drew v. Town of Zwolle, Sabine Parish, 185 La. 867, 171 So. 59 (1936); Palama v. Livaudais et al., 179 La. 201, 153 So. 691 (1934); American Nat. Bank v. Bauman, 173 La. 336, 137 So. 54 (1931); Employers Overload Company v. Employers Overload Company of New Orleans, Inc. et al., 266 So.2d 546 (La.App. 4th Cir. 1972), certiorari denied 263 La. 375, 268 So.2d 260 (1972); West Publishing Company v. Intrastate Pipeline Corp., 254 So.2d 643 (La. App. 4th Cir. 1971), certiorari denied 260 La. 405, 256 So.2d 290 (1972); Chism v. City of Baton Rouge, 244 So.2d 48 (La. App. 1st Cir. 1971); Cloud v. Dyess, 172 So.2d 528 (La.App. 3d Cir. 1965).
The sole showing made here, aside from the admissions of the pleadings, is by an affidavit of an official of Schwegmann Brothers and by exhibits attached thereto. We cannot say, on the basis of this limited showing, that the trial court abused its sound discretion in permitting the refund-offer, as limited by it, as a means to preserve evidence of the amount of refund to which a Schwegmann customer might be entitled if the price-fixing statute is declared unconstitutional retroactively. Whatever *317 contention the Commission might have that the refund offer, even so limited, is a disruptive trade practice and constitutes illegal price competition is not so sufficiently shown in the record before us as to justify the substitution of our appellate judgment for the trial court's sound discretion in the matter.
We will therefore reinstate the injunction of the trial court, as limited by it. Our reinstatement is without prejudice, of course, to any right of the Commission to secure a modification of the injunction upon further hearing and proof. See La. C.Civ.P. art. 3607.
For the foregoing reasons, the decree of the court of appeal broadening the injunction as issued by the trial court is annulled and set aside, and the trial court injunction is reinstated as limited by its decree.
Court of Appeal decree set aside; trial court judgment reinstated.
NOTES
[1] The present proceedings were instituted by the Commission as a sequel to a suit previously filed by Schwegmann Brothers in 1965 to declare price-fixing portions of the Act unconstitutional. In that suit, the Commission had reconvened and had secured an injunction against Schwegmann Brothers ordering the firm to comply with the price-fixing orders attacked. Schwegmann Brothers Giant S. Markets v. Louisiana Milk Commission, 200 So.2d 37 (La.App. 1st Cir. 1967), certiorari denied, 251 La. 51, 202 So.2d 658 (1967). (See also an earlier suit by Schwegmann Brothers attacking the constitutionality of price-fixing. Schwegmann Brothers Giant S. Markets v. McCrory, 237 La. 768, 112 So. 2d 606 (1959).)

In 1972, the Commission filed, as a supplementary pleading to the 1965 suit, a "Motion for Further Injunctive Relief". To this Schwegmann Brothers filed an answer and opposition constituting a general denial. These pleadings resulted in the injunction judgments now under review. (With the present application for certiorari (which was granted) only the 1972 pleadingsthe Motion for Further Injunctive Relief and its sequel were filed. None of the earlier 1965 pleadings were filed.)
The basic argument of Schwegmann Brothers, in contending for a broader scope of review, is that since this is the same proceeding as that instituted in 1965, the "law of the case" doctrine permits us to review the correctness of our earlier holding, since we are not barred by res judicata. See Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1972). We do not reach this contention, for reasons set forth in the next three paragraphs of the text of the opinion.
[2] Not before us for review, for example, is the court of appeal holding that Schwegmann Brothers may not offer refunds conditioned on repeal of the statute, this being held to be illegal price competition, nor the intermediate court's rejection of the Commission argument that Schwegmann Brothers should be enjoined from making any and all refund offers in the future, if and when pending federal litigation is decided adversely to such firm.
[3] The suit had been submitted to the three-judge federal court and was under consideration at the time of the appeal to the intermediate court. It has since been decided adversely to Schwegmann Brothers (as to the intra-state price-fixing issue), shortly after certiorari was filed in this court, Schwegmann Brothers Giant S. Markets v. Louisiana Milk Commission, 365 F.Supp. 1144 (M.D.La.1973), and is now pending upon application for appeal to the United States Supreme Court.
[4] Schwegmann Brothers did not appeal this portion of the judgment and has acquiesced in it.
[5] The arguments before the courts show that such a judicial declaration might be prospective only, affecting only prices for dairy products after such judicial declaration, or that it instead might be retroactive, declaring the price-fixing regulation void ab initio, thus possibly entitling customers to refunds due to the excessive price resulting from the prior price-fixing.
[6] The sole specification of error by Schwegmann Brothers in its application for certiorari granted by us is: "The Court of Appeal erred in holding that Schwegmann should be enjoined from making future refunds to its customers on the basis of side panels and bottle caps saved pursuant to the original refund offer, because if the milk price-fixing statute is declared retroactively unconstitutional there will be no legal authority for the injunction."
[7] Of course, this article is itself limited by other provisions in the Code which require the timely pleading of special pleas or affirmative defenses (such as unconstitutionality), in the absence of which the courts cannot adjudicate on the issue. See, e. g., arts. 921-929, 1005. These latter concepts are grounded on requirements of fair notice and of efficient and orderly adjudication of litigation.
[8] In the exhibits attached to the affidavit of Schwegmann's official, the only evidence offered for the preliminary injunction hearing, it is shown that the offers were made only by way of a newspaper advertising campaign and by large signs over the milk counters. These instructed the Schwegmann customer to save the side-panels of cardboard half-gallon milk cartons and the bottle tops of gallon milk bottles for them to prove their right to a refund. The cardboard panels and the bottle caps themselves contained no indication of the offer, and the cartons and caps are undated and unidentified as to when the milk was purchased. The Commission also points out the unlikelihood that the bulk of the customers will reserve storage place in their homes to collect a mass of cartons and caps over the years in order to prove their entitlement to refunds, if and when the price-fixing is declared unconstitutional.