MARVIN, Judge.
Arkla appeals from a preliminary injunction prohibiting it from connecting a pipeline to a gas well on plaintiffs’ property. We affirm.
Arkla was assigned 25 percent of the working interest by the mineral lessee (Bradco). Under an operating agreement, with another Bradco assignee as operator of the well, each working interest owner was granted the right to take its share of production in kind. The lease authorized the laying of pipelines “ . . . which maybe necessary, useful or convenient to . [production] operations conducted by lessee [or its assigns] . . . ” Arkla entered into an Emergency Gas Purchase Contract under FERC (formerly FPC) Regulations with an affiliate to deliver its share of production into its interstate distribution system.
Because of these factors and because any damages sustained by plaintiffs were measurable in money, Arkla contends that there was no irreparable injury to plaintiffs and that the lower court erred in granting the preliminary injunction. Arkla also contends the injunction imposes an unreasonable burden, and is an unconstitutional regulation, on interstate commerce.
The injunction was granted, however, because it was shown or stipulated at the *1251 hearing that the operator of the well had constructed and connected to the well another pipeline to distribute the gas intrastate. Thus the narrow issue — provoked obviously by the variance in the price of gas, interstate v. intrastate — is whether a second pipeline on plaintiffs’ property may be preliminarily enjoined pending a determination on the merits that Arkla’s pipeline is necessary as the lease language appears to contemplate.
On this issue, the lower court merely maintained the status quo, pending a trial • on the merits. The lower court correctly stated and resolved the issue with which it was confronted:
“The legal question is how many pipelines may be laid [under the lease terms] . and specifically whether or not this particular pipeline is a necessary one. Once the party who files the rule establishes that there is already a pipeline connecting the well . . . with other outlets, it then becomes incumbent upon the defendants to show that the construction of other pipelines is actually necessary.”
A preliminary injunction is interlocutory in nature and is designed to preserve status pending final determination of an action. A preliminary injunction may be based upon verified pleadings or affidavits, as well as upon ordinary proof, and requires less proof than is required in an ordinary proceeding for a permanent injunction. The summary issuance of a preliminary injunction addresses itself to the sound discretion of the trial court — of course, subject to review — and is subject to summary dissolution or modification by the trial court when circumstances warrant. Schwegmann Bros. G. S. Mkts. v. Louisiana Milk Comm., 290 So.2d 312 (La.1974). La.Const. Art. 5, § 2; C.C.P. Art. 3613.
If gas enters an interstate pipeline at the wellhead a serious question arises under federal law whether a state court would have jurisdiction to determine the necessity of the second pipeline or to determine whether any gas from the well might be diverted to the intrastate distribution system which already exists. In this sense, irreparable injury is threatened and the lower court did not err in preserving the status of the well until determination of the issue of whether the second pipeline is either necessary, useful or convenient under the language of the lease from which Ark-la’s rights stem. The effect of the action of the lower court on interstate commerce is remote, indirect and of short duration. See Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970).
At appellants’ cost, judgment is AFFIRMED.