REDMANN, Judge.
Defendant appeals from a preliminary injunction against any use of any phenoxy herbicide on any of its 30,000 acres of land in Plaquemines parish, extending about 12.5 miles along state highway 23. The question is whether the evidence sufficiently supports the trial judge’s factual findings as to warrant a preliminary injunction. We conclude that it does and we therefore affirm (without prejudice, of course, to a final determination of the facts, or even a different credibility evaluation, upon the trial of the demand for a permanent injunction).
The trial of this matter was ten days long, requiring a ten-volume record. There is a great deal of technical testimony, much to the effect that defendant’s more recent method of application of the herbicide, under the recorded wind conditions, could not have allowed the herbicide to spread to plaintiffs’ properties and therefore could not have caused the flu-like symptoms some plaintiffs experienced or damaged their citrus trees and vegetable plants. On the other hand, there was testimony from a California allergist that phenoxies cause flu-like illness and can even alter human genetic matter, and there was also evidence that plaintiffs’ trees and plants had been affected by phenoxies. Although defendant strenuously argues that there is no competent evidence to show that the phenoxies in question (2,4D and 2,4Db) are hazardous to human health, we believe that on the trial of a preliminary injunction the trial judge has the discretion to accept as prima facie proof the medical opinion of a doctor that may not be precisely within his formal specialty. We would respond similarly to defendant’s argument that the competence to decide such questions lies rather with a technically specialized administrative agency rather than the courts. There is no doubt merit to the consideration that an “expert” can be found to espouse almost any view, and it may well be doubted whether a single trial judge, unskilled in a highly technical area, should be allowed to make a “credibility call” by believing one “expert” who may be (even admittedly) very much in a minority position in that technical field.
Nevertheless “The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if erroneously exercised.” Smith v. West Virginia O. & G. Co., La.1979, 373 So,2d 488, 493. A plaintiff’s basic burden of proof is to merely “show that the injury, loss or damage he will suffer may be irreparable if the [preliminary] injunction does not issue,” but he need make only “a prima facie showing that he will prevail on the merits of the case.” General Motors A.C. v. Daniels, La.1979, 377 So.2d 346, 348.
Ordinarily, a preliminary injunction is a procedural device interlocutory in nature designed to preserve a status pending final determination of an action. The main difference between a preliminary injunction and a permanent injunction is that the former may be issued through summary (rather than ordinary) proceedings and may be based upon verified pleadings or affidavits, as well as upon *265 ordinary proof, which present a prima facie case justifying its issuance, whereas the latter requires full proof by the preponderance of the evidence at (unless waived) a full trial under ordinary proceedings. Schwegmann Bros. G.S. Mkts. v. Louisiana Milk Com’n, La.1974, 290 So.2d 312, 316.
We conclude that, on the question of sufficiency of proof for preliminary injunction, allowing to the trial judge the discretion that is recognized as his, the record supports the preliminary injunction appealed from, without prejudice to defendant’s right to bring the matter to full trial on the question of whether a permanent injunction should issue. There is arguable prima facie proof of threat of irreparable harm to the health of plaintiffs that justifies the trial judge’s exercise of his discretion.
Affirmed.