FORET, Judge.
Earl Guidry, Sr. and his wife, Ethel Web-ber, and Robert P. Brenham and his wife, Julie Guidry (Plaintiffs), appeal from a judgment of the trial court denying their motion for a preliminary injunction. Plaintiffs sought to enforce certain building restrictions affecting the subdivision in which they reside. Lionel Primeaux and his wife, Lynn Mouton, were named defendants.
In essence, plaintiffs raise the following issue:
*1250 Whether the trial court clearly abused, or erroneously exercised, its discretion in denying plaintiffs’ motion for a preliminary injunction.
FACTS
Plaintiffs are property owners in a subdivision known as “Ridge Hollow Estates” (the subdivision) which is located in Lafayette Parish. On June 23, 1977, an act of dedication was formally passed creating this subdivision and making certain building restrictions applicable to the property encompassed within it. Among these restrictions was building restriction number 2, which provides that: “Mobile homes will not be permitted within the subdivision”.
Defendants had purchased a lot within the subdivision and on March 24,1981, they moved a mobile home onto it. They immediately removed the wheels and the axles and placed the mobile home on a permanent slab of concrete. Defendants then began to construct a wooden frame structure around the mobile home with the intention of ultimately building a two-story residence that would incorporate it within the residence.
Plaintiffs instituted this action on March 26, 1981, alleging that defendants had moved a mobile home onto their lot in violation of building restriction number 2. Plaintiffs requested the issuance of a preliminary injunction enjoining defendants and anyone acting on their behalf from: placing a mobile home on defendants’ property and/or allowing a mobile home to remain on that property; or, doing any work on the mobile home or on the property in an attempt to convert the mobile home to a permanent structure; and, ordering defendants to immediately remove the mobile home placed on their lot. Plaintiffs also sought to ultimately have a permanent injunction issued, in the form and substance of the preliminary injunction. On the trial of the rule for a preliminary injunction, the trial court denied plaintiffs’ demand for the preliminary injunction, but reserved plaintiffs’ right to pursue a permanent injunction at the trial on the merits.
PLAINTIFFS’ MOTION FOR PRELIMINARY INJUNCTION
Plaintiffs contend that the trial court abused its discretion in denying their motion for a preliminary injunction. They argue that the trial court erroneously considered such factors as the expense that would be incurred by defendants in removing the structure constructed around the mobile home and the great effort that would be required to remove it from its foundation.
The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if erroneously exercised. LSA-C.C.P. Article 3601; Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Schwegmann Brothers Giant Super Markets v. Louisiana Milk Commission, 290 So.2d 312 (La.1974); Lamb v. Quality Inspection Services, Inc., 398 So.2d 643 (La.App. 3 Cir. 1981); Silberman v. Beaubouef, 175 So.2d 873 (La.App. 3 Cir. 1965).
Defendants stipulated that they had moved a mobile home onto their lot in the subdivision and that it remained there. Thus, they, in effect, admitted that they had violated building restriction number 2 by their actions.
LSA-C.C. Article 779 provides:
“Art. 779. Injunctive relief
Building restrictions may be enforced by mandatory and prohibitory injunctions without regard to the limitations of Article 3601 of the Code of Civil Procedure.”
A preliminary injunction is a procedural device, interlocutory in nature, designed to preserve the status quo pending a trial of the issues on the merits of the case. LSA-C.C.P. Article 3601, et seq.; Haughton Elevator Division v. State of Louisiana, Through the Division of Administration, 367 So.2d 1161 (La.1979); Schwegmann Brothers Giant Super Markets v. Louisiana Milk Commission, supra; Ridge Park v. Police Jury of Jefferson Parish, 27 So.2d 128 (La.1946); Smith v. West Virginia Oil & Gas Co., supra.
*1251 The main difference between a preliminary injunction and a permanent injunction is that the former may be issued through summary (rather than ordinary) proceedings and may be based upon verified pleadings or affidavits, as well as upon ordinary proof, which present a prima facie case justifying its issuance, whereas the latter requires full proof by the preponderance of the evidence at (unless waived) a full trial under ordinary proceedings. Schwegmann Brothers Giant Super Markets v. Louisiana Milk Commission, supra; Haughton Elevator Division v. State of Louisiana, Through the Division of Administration, supra; Smith v. West Virginia Oil & Gas Co., supra.
The trial court’s reasoning in denying the motion for preliminary injunction that it would be inequitable and costly to the defendants has little or no relevance to the issue of whether defendants had violated and still were in violation of the building restriction. If great cost would be incurred by the defendants, this is a phenomenon which is of their own doing. Plaintiffs filed suit within hours after they detected the violation, and defendants were duly served with the petition, but yet they proceeded with great vigor and at considerable expense to, what they contend to be, a demobilization of the mobile home after the violation. In our view, to hold that this expense incurred by the defendants gives them some equity or standing to defeat the preliminary injunction is reversible error.
The record does not show to what extent, if any, that defendants proceeded to enclose the mobile home after the hearing on the preliminary injunction. However, it is quite conceivable that since the preliminary injunction was denied, that the defendants have completed the enclosure. In such a case, the refusal of the preliminary injunction preserving the status quo, by the trial court judge, may very well result in much greater expense, etc. to the defendants in the event that a permanent injunction is issued after a trial on the merits.
There is testimony in the record by the defendants that to preserve the status quo could have caused rain and weather damage to the structure. Again, this is of their own doing. However, the trial court could have issued a limited preliminary injunction by permitting the placing of a temporary roof to protect what was already there, but ordering the defendants to proceed no further pending a trial on the merits and final judgment rendered.
We find that the trial court abused its discretion in refusing to order the issuance of the preliminary injunction sought by plaintiffs. Defendants were in violation of a valid building restriction, and plaintiffs were entitled to a preliminary injunction prohibiting any further violation of that building restriction pending a full hearing on the merits for a permanent injunction.
For the above and foregoing reasons, the judgment of the trial court denying plaintiffs’ motion for a preliminary injunction is reversed. The case is remanded to the trial court with instructions to immediately order the issuance of a preliminary injunction maintaining the status quo between the parties, pending trial of plaintiffs’ demand for a permanent injunction.
All costs of this appeal are assessed against defendants-appellees. The assessment of costs in the trial court will await the final disposition of this matter.
REVERSED AND REMANDED.