GULOTTA, Chief Judge.
Plaintiffs have moved to dismiss defendant’s appeal on the grounds that defendant failed to timely appeal from a judgment of preliminary injunction within the 15 day period provided for in LSA-C.C.P. Art. 3612.[1]
In this dispute between two attorneys involving possession of clients’ files, the trial judge, on March 9, 1987, rendered “Judgment For Plaintiff On Rule For Preliminary Injunction”, ordering defendant to “return the case files in his possession and obtained by him at the Noble Law Firm, Ltd”, to the plaintiff law firm. A motion and order of appeal was granted on March 23, 1987. Defendant furnished the appeal bond on April 7, 1987. Plaintiff subsequently filed the instant motion to dismiss the appeal.
In opposition to the motion to dismiss, defendant claims that in a preliminary injunction the status quo is maintained, Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979), and because he was ordered to perform an act, i.e., the return of the files to plaintiff, the judgment was in the nature of a permanent injunction. As a result, defendant argues that the fifteen day delay allowed for taking an appeal from a preliminary injunction under LSA-C.C.P. Art. 3612 does not apply, but rather the thirty day period set forth in LSA-C. C.P. Art. 2123[2] governs his appeal. We do not agree.
*140 A preliminary injunction is a procedural device interlocutory in nature that is designed to preserve the status quo pending final determination of a trial on the merits. Unlike a permanent injunction, a preliminary injunction may be issued through summary proceedings rather than ordinary proceedings required in a trial on the merits. Sckwegmann Bros. G.S. Mkts. v. Louisiana Milk Com’n., 290 So.2d 312 (La.1974). See also Riverside Citrus Farm v. Louisiana Citrus Lands, 400 So.2d 263 (La.App. 4th Cir.1981).
In the instant case, although the judgment does mandate defendant to turn over the files to plaintiff, thus giving the appearance of a permanent injunction, a closer examination indicates that the order merely maintains the status quo by having the files returned to plaintiff law firm’s office, the place from which they were originally taken. Viewed in this light, it is clear that the order issued by the trial judge was indeed a preliminary injunction intent on preserving the status quo pending the final outcome of the suit. We also note that the hearing in the instant case was on a summary rule to show cause.' Furthermore, the record does not reflect that the parties stipulated to a trial on the merits or on a permanent injunction when the matter was set for hearing on the preliminary injunction. Additionally, because the trial court’s judgment was styled as a preliminary injunction, there was no confusion as to its nature.
Having concluded that the judgment was indeed a preliminary injunction, we conclude that defendant did not timely perfect his appeal. The judgment granting the preliminary injunction was signed on March 9, 1987. Defendant filed his motion and order of appeal on March 23, 1987, within 15 days of the judgment. However, defendant did not furnish his bond until April 7,1987, well beyond the fifteenth day from the date of judgment. Therefore, because defendant did not furnish his bond within the time period required under LSA-C.C.P. Art. 3612, his appeal is dismissed. See Cuccia v. Bozeman, 316 So.2d 800 (La.App. 4th. Cir.1975).
Accordingly, the motion to dismiss is granted. Appeal dismissed.

. LSA-C.C.P. Art. 3612 provides in pertinent part: "An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment”.

. Art. 2123 Delay for taking suspensive appeal
*140 Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order of judgment may be taken, and the security therefor furnished, only within thirty days of:
(1)The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.