CIACCIO, Judge.
Plaintiff, William H. Gurvich, now deceased and substituted by Billie Jean Gur-vich, the testamentary executrix of the Succession of William H. Gurvich, No. 91-30128, 22nd Judicial District Court for the Parish of St. Tammany, appeals from a judgment of the trial court granting defendants’ motion for a preliminary injunction. For the following reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
On December 29, 1989, William H. Gur-vich filed a petition in Civil District Court entitled “Petition for Damages and Rule for Injunction” naming as defendants New Orleans Private Patrol Service, Inc. (“NOPPSI”), Leonard Gurvich, Sr., Louis *196 Gurvich, Jr., and Helen June Lazará. NOPPSI is a family owned business established to provide uniformed guards and private investigators to the public. Plaintiff alleges that he owns twenty-five percent of NOPPSI stock, and that the defendants own the remaining shares.
This lawsuit arose out of the July, 1989 removal of plaintiff from his positions as President and member of the Board of Directors of NOPPSI. Gurvich alleged in his petition that this removal was unlawful and sought damages in connection therewith. Gurvich further sought an injunction preventing defendants from taking or destroying corporate documents or documents belonging to plaintiff. He also requested that defendants be enjoined from harassing plaintiff, from issuing income tax notices without distributing corporate funds sufficient to pay these taxes and from bringing criminal charges against him as a result of any corporate assets in plaintiffs possession.
In response to this petition, on January 30, 1990 defendants filed an answer and reconventional demand seeking damages for Gurvich’s possession of corporate property and further sought a preliminary injunction ordering the return of a 1987 GMC Suburban Van owned by NOPPSI and any other movable property belonging to NOPPSI allegedly in plaintiffs possession. On February 6, 1990 defendants filed a motion for temporary restraining order to prohibit Gurvich from operating the 1987 GMC Suburban Van and the court granted the temporary restraining order. The court set the hearing on the preliminary injunction for February 6, 1990 and ordered the matter to be submitted on affidavits. A preliminary injunction was issued on February 6, 1990 ordering William Gurvich to return the GMC van to NOPPSI. Gur-vich complied with this order and returned the van.
Thereafter, on February 21, 1990, defendants filed a supplemental motion of preliminary injunction seeking the return of additional property which defendants alleged was owned by NOPPSI yet in the possession of William Gurvich. A rule to show cause on this injunction as well as on the injunction requested by plaintiff in his original petition was set for March 2, 1990. The court ordered that the trial of the injunctions would be heard on affidavits only, and this order was served on William Gurvich on February 28, 1990.
In support of its supplemental motion for preliminary injunction, defendants’ introduced the affidavit of Louis S. Gurvich, Jr., NOPPSI’s Secretary/Treasurer, which stated that William Gurvich was in possession of and had refused to return certain NOPPSI property, specifically:
1. A 1979 Dodge Van, whose vehicle identification number, on information and belief is V.I.N. B21JF9K340484,
2. A nine millimeter automatic pistol;
3. A .38 caliber revolver with 2" barrel, nickel or steel finish, and brown wooden grips;
4. Two thirty-five millimeter cameras with telephoto and other lenses, plus camera tripod and photographic processing equipment;
5. Assorted recording equipment, including tape players using standard and micro-cassette formats; and
6. Other tangible things, including documents, manuals, papers, equipment, and other movable property of NOPPSI which are currently in the actual or constructive possession of William H. Gurvich or any of his family members, employees, or companies, or businesses.
Attached to the affidavit was a certificate of title and the registration for the Dodge Van, as well as a letter which indicated that the nine millimeter automatic pistol may have been in the possession of William Gurvich’s son, Steven.
William Gurvich submitted a counter-affidavit to the court which stated that he was in possession of the Dodge Van, but that it was not in operable condition. He further stated that he had numerous revolvers in his possession but was unable to distinguish which one belonged to NOPPSI. He denied possessing a nine millimeter automatic pistol. He admitted in the affidavit that he possessed “an old camera tripod” *197 and “an old Concord 400 foot reel-to-reel machine” which he stated were provided to him by NOPPSI following his removal, and denied possessing any other property belonging to NOPPSI.
The trial court rendered judgment on March 6, 1990 granting an injunction in favor of plaintiff, William H. Gurvich, prohibiting defendants from taking or destroying documents belonging to plaintiff but denying all other requests by plaintiff for preliminary injunction and for sanctions. The trial court further granted the supplemental motion for preliminary injunction in favor of defendants enjoining plaintiff from maintaining possession of the property alleged to be owned by NOPPSI, and further ordering that these items be returned to defendants.
Following the rendition of this judgment, plaintiff filed a Motion and Order for Appeal, appealing that part of the judgment which denied plaintiff’s request for sanctions and ordered plaintiff to return property to NOPPSI. Plaintiff did not appeal however from that part of the judgment which ordered the return of one specific item; i.e., the 1979 Dodge Van. This vehicle was apparently returned to defendants in compliance with the order of the trial court.
By his appeal, Gurvich asserts two assignments of error by the trial court. First, he argues that the supplemental motion for preliminary injunction granted by the trial court was a mandatory injunction which required a preponderance of evidence as the standard of proof. He contends that the trial court erroneously applied the prima facie standard of proof to this case. Secondly, he argues that as the injunction was in mandatory form, the trial court erred in denying him the opportunity for a full evidentiary hearing on the injunction. We agree.
In support of their position that the preliminary injunction was properly issued, NOPPSI relies on Noble v. Ritterbush, 514 So.2d 139 (La.App. 4th Cir.1987) wherein this court originally held that an injunction which ordered the return of files which had been removed from plaintiffs law office was a preliminary injunction issued to preserve the status quo from which an appeal must be taken within fifteen days from the date of judgment. We held that the appeal was not perfected timely and dismissed the appeal. The Supreme Court granted writs, and subsequently reinstated the appeal, stating that “[a]n order to return property does not constitute a preliminary injunction from which an appeal must be taken within 15 days.” 519 So.2d 122 (La.1988). Thereafter, on May 12, 1988, this court rendered an unpublished opinion holding that sufficient evidence was presented at the hearing on the preliminary injunction affirming the judgment of the lower court. The Supreme Court again granted writs, and the judgments of this court and the district court were reversed, holding that relevant evidence had been excluded from the hearing, and remanding the case to the district court for a trial on the merits. 534 So.2d 436 (La.1988). Therefore, our original holding in Noble that an order to return files to the law office from which they had been removed was in preservation of the status quo and, thus, not a mandatory injunction requiring a higher standard of proof, cannot be relied upon in support of the preliminary injunction issued in NOPPSI’s favor.
Gurvich cites several cases which held that an injunction which commands the doing of something is in mandatory form and requires a full evidentiary hearing prior to issuance. In Dore v. Jefferson Guar. Bank, 543 So.2d 560 (La.App. 4 Cir.1989), this court held that a preliminary injunction which ordered the removal of debris from a landowner’s property was properly issued in summary proceedings where all parties had an opportunity to present their case in an evidentiary hearing. Similarly, Kliebert Educ. Trust v. Watson Marines Services, 454 So.2d 855 (La.App. 5th Cir.1984), held that a preliminary injunction which ordered the removal of any anchor, buoy or piling from the bed of the river although in mandatory form was properly issued after a full evidentiary hearing. However, in Werner Enterprises, Inc. v. Westend Development Co., 477 So.2d 829 (La.App. 5th Cir. 1985) (preliminary injunction ordered the *198 restoration of a walkway and demolition of an existing deck) and Walker v. Investment Properties, Ltd., 483 So.2d 1131 (La.App. 5th Cir.1986) (preliminary injunction ordered defendant to present note for cancellation), the appellate court vacated preliminary injunctions which were in mandatory form because they were issued prior to a full hearing on the merits.
In support of his first assignment of error, plaintiff cites Maestri v. Destrehan Veterinary Hosp., 554 So.2d 805 (La.App. 5th Cir.1989) in which the court held that a preliminary injunction which ordered the return of certain documents allegedly unlawfully removed from defendant veterinary hospital was in mandatory form and could only be issued after a hearing on the merits where the standard of proof is a preponderance of the evidence. In light of our present jurisprudence, we find that the Maestri case is persuasive insofar as it held that an order to return property is a mandatory injunction requiring proof by a preponderance of the evidence. We also hold that such proof must be offered in a preliminary injunction proceeding. Dore, Kliebert, supra.
Assuming that the injunction in this case was mandatory because it ordered Gurvich to return property to NOPPSI, does the record show that NOPPSI proved its entitlement to injunctive relief by a preponderance of the evidence? With regard to the first item described in the judgment, plaintiff did not appeal from the judgment of the trial court ordering the return of the 1979 Dodge Van, and as to this item, the judgment of the trial court is now final. As to that item, the affidavit of NOPPSI, together with the certificate of title was more than adequate to prove its ownership and Gurvich made no claim of ownership or right to possession. Accordingly, NOPPSI’s right to injunctive relief was shown by a preponderance of evidence.
However, with regard to the other five items described in the judgment, there were sufficient factual disputes arising out of the countervailing affidavit of Gurvich to require further evidence before the issuance of a mandatory injunction. The affidavit submitted by NOPPSI (attached hereto as Appendix A) stated that William Gurvich was in possession of property owned by NOPPSI and had refused its return. Attached to this affidavit was a letter from the affiant to William Gurvich’s attorney requesting “the return of the nine millimeter automatic pistol taken from the N.O.P.P. office some time ago by Steven.” Apparently, Steven is William Gurvich’s son. The descriptions given by NOPPSI of the property were vague and unspecific. No further evidence of NOPPSI’s ownership of any of the described items was submitted to the court, and NOPPSI introduced no evidence that the property was actually in the possession of William Gur-vich.
In his counter-affidavit (which is attached hereto as Appendix B), Gurvich specifically denied possessing the nine millimeter automatic pistol. He further stated that from the information provided by NOPPSI he was unable to discern from his numerous revolvers which one was claimed by NOPPSI. Further, he admitted he possessed a camera tripod and recording machine which he alleged were given to him by NOPPSI upon his removal from the company. He denied possessing any other property of NOPPSI’s.
After reviewing the evidence presented, we conclude that NOPPSI failed to meet its burden to prove by a preponderance of the evidence that the property was owned by NOPPSI or that it was unlawfully in the possession of William Gurvich. Based on the contradictory evidence presented, the trial court erred in granting a preliminary injunction which was in mandatory form without requiring an evidentiary hearing and further proof that NOPPSI was entitled to mandatory injunctive relief.
We need not reach the issues presented in plaintiff’s second assignment of error because of our ruling on the first assignment.
Finally, we note that although plaintiff’s request for sanctions against defendants were a subject of his Motion for Appeal, this issue was not assigned as er *199 ror or briefed and as such cannot be considered by this court.
Accordingly, for the reasons assigned, the trial court’s judgment insofar as it enjoins Gurvich’s possession of and orders the return of the 1979 Dodge Van is affirmed. We reverse that portion of the judgment of the trial court which grants defendants’ preliminary injunction enjoining William Gurvich from maintaining possession and ordering the return of the following property allegedly belonging to NOPPSI: (1) one nine millimeter caliber semi automatic pistol; (2) one .38 caliber revolver with 2 inch barrel; (3) two 35 millimeter cameras including telephoto and other lenses, tripod and photographic processing equipment; (4) any and all recording equipment including tape players of any nature; and (5) any and all other tangible property of every nature or description including documents, manuals, papers, equipment or other movable property. We remand this case to the district court for further proceedings consistent with this opinion. All costs of this appeal are assessed against appellees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
*200 APPENDIX A
[[Image here]]
*201 [[Image here]]
*202 [[Image here]]
*203 EXHIBIT 2
[[Image here]]
EXHIBIT 3
NEW ORLEANS
PRIVATE PATROL SERVICE, INC.
SUITE IOIZ • 300 POYORAS STREET - NEW ORLEANS. LOUISIANA 70130 • TELEPHONE 525-7111
[[Image here]]
*204 APPENDIX B
[[Image here]]
AFFIDAVIT OF WILLIAM H. GURVICH
STATE OF LOUISIANA
PARISH OF ORLEANS
BEFORE ME, the undersigned authority, Notary Public, in and for the Parish of Orleans, State of Louisiana, duly commissioned and qualified, and therein residing, personally came and appeared:
WILLIAM H. GURVICH
who, being first duly sworn, did depose and state that:
I.
I am in possession of a 1979 Dodge van; however, said van is inoperable and has been inoperable for over one year. It has been driven over 150,000 miles and is in poor condition. I nor my agents or employees have used said van in my business as it has been an impossibility to do so.
II.
I am not in possession of a nine millimeter automatic pistol. I nor my agents or 'employees use same in my business as I do not have use or possession of same.
III.
I possess numerous .38 caliber revolvers that fit the description provided by counsel for NOPPSI. I am not able to discern any particular .38 caliber revolver as no serial number or ownership papers have been provided by NOPPSI. To the best of my
*205 bgs\c:\wp50\files\memrndum\gurvich.af2
knowledge, I do not possess the .38 caliber revolver claimed by NOPPSI.
IV.
I do not possess any cameras, lenses or other photographic equipment of NOPPSI's. I do possess an old camera tripod that was provided to me by NOPPSI after I was removed as an officer and employee of NOPPSI. The tripod was provided after numerous discussions between prior and/or current counsel for NOPPSI and myself.
V.
I do not possess any recording equipment of NOPPSI's. I do possess an old Concord 400 foot reel-to-reel machine that was provided to me by NOPPSI after I was removed as an officer and employee of NOPPSI. The machine was provided after numerous discussions between prior and/or current counsel for NOPPSI and myself.
VI.
I am unaware of any other property of NOPPSI's in my possession.
VII.
I have never used any of the property allegedly owned by NOPPSI, allegedly in my possession, in my business.
WILLIAM ft. GURVICH, affiant Sworn to and Subscribed