907 So.2d 875 (2005)
LEEBRON AND ROBINSON RENT A CAR, L.L.C., Plaintiff-Appellee
v.
CITY OF MONROE, Defendant-Appellee.
No. 39,871-CA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
Rehearing Denied August 11, 2005.
*876 The Boles Law Firm by Michael L. Dubos, Monroe, for Intervenor-Appellant, Airline Car Rental.
Lemle, Kellehier, Barlow, et al., by Jerald Norman Jones, Shreveport, Carl D. Walker, for Intervenor-Appellee, Bill Hardy's Inc.
Theus, Grisham, Davis & Leigh, L.L.P., by Edwin K. Theus, Jr., Monroe, for Plaintiffs-Appellees, Leebron and Robinson Rent A Car and M & H Car Rental.
Wiener, Weiss & Madison, by John M. Madison, Jr., Shreveport, Lakoshia R. Roberts, Thomas V. Gardner, Jr., Monroe, for Defendant-Appellee, City of Monroe.
Before, BROWN, WILLIAMS, and LOLLEY, JJ.
BROWN, C.J.
The Monroe Regional Airport has four counter areas with attached offices located along the east wall of the corridor used by deplaning passengers. Each space contains approximately 1,400 square feet. The City of Monroe ("the City") leased the spaces, along with 10 to 12 parking spots located directly across the street from the terminal, to car rental agencies in accordance with the requirements of the statute delegating authority to political subdivision to, inter alia, lease airport facilities, La. R.S. 2:135.1, and Louisiana Public Law, La. R.S. 38:2181 et seq. Leases expiring on May 31, 2004, had been awarded to Hertz, Avis, National, and Budget.
Bid packages were prepared for five-year leases starting June 1, 2004. In total, *877 there were six bidders. The four highest bidders were Budget, Hertz, National, and Thrifty. Their bids ranged from $96,301 to $69,999 per year or 10% of gross revenue, whichever is greater. Avis, having bid unsuccessfully, was required to vacate the space it had previously occupied. Avis then signed a three-year lease for office and parking space at a shopping center near the airport.
Shortly thereafter, the City, without advertising or utilizing a bid process, allowed Avis to construct and occupy a fifth car rental counter at the airport. Avis's lease was for five years at $70,000 annually or 10% of gross revenue, whichever is greater. The new counter area was only 120-190 square feet.[1] It was located along the west wall of the same corridor as the other counters and was the first counter visible to deplaning passengers. The lease for this new space did not include parking spots. Avis used public parking, including metered parking, on an "as available" basis. The City contends that the bid requirement is optional if the space leased is less than 250 square feet, citing La. R.S. 2:135.1(B)(1)(a).
On July 23, 2004, Leebron & Robinson Rent a Car, L.L.C. ("Budget"), later joined by M & H Car Rental, L.L.C. ("Thrifty"), and Bill Hardy's, Inc. ("Hertz")(hereafter collectively referred to as "plaintiffs"), filed a petition for preliminary and permanent injunctions and a rule to show cause to enjoin the City of Monroe from leasing the booth to Avis. They sought to enjoin the City from allowing Avis to operate an on-site rental agency at the airport. Airline Car Rental, Inc. ("Avis") filed a petition to intervene in this action.
Finding that the City violated the Public Bid Law, the trial court issued a preliminary injunction. Avis has appealed.

Discussion
La. R.S. 2:135.1 states in part:
A. Airport districts, airport authorities, and other political subdivisions, including the New Orleans Aviation Board, which establish or operate airports or landing fields or which acquire or set apart immovable property for such purpose may:
(3) Lease to any person, as defined in this Title, areas for operations space, improvement, including industrial development, and equipment on such airports or landing fields; provided that all leases of land, improvements, or equipment, except as hereinafter provided, shall be by public bid under the provisions of the Public Bid Law, R.S. 38:2181 et seq., or under the provisions on leases of public lands, R.S. 41:1211 et seq.

B. (1)(a) The public bid requirement provided for by Paragraph A(3) shall be at the option of the sponsor when such sponsor is leasing operations space of less than two hundred fifty square feet. (Emphasis added).
A preliminary injunction is a procedural device interlocutory in nature designed to preserve a status pending final determination of an action. Schwegmann Brothers Giant Super Markets v. Louisiana Milk Comm'n, 290 So.2d 312 (La.1974). A preliminary injunction may issue upon a prima facie showing that the plaintiff would prevail on the merits and without which irreparable injury, loss or damage will result. La. C.C.P. art. 3601; Louisiana Gaming Corp. v. Rob's Mini-Mart, 27,920 (La.App. 2d Cir.01/24/96), 666 *878 So.2d 1268. The trial court has great discretion in deciding whether to grant or deny a preliminary injunction. Absent a clear misuse of this discretion, the trial court's ruling will not be disturbed. Smith v. West Virginia Oil & Gas, Co., 373 So.2d 488 (La.1979); State v. Talbot, 408 So.2d 861 (La.1980); Schwegmann Brothers Giant Super Markets, supra.
In Louisiana Associated General Contractors, Inc. v. The Calcasieu Parish School Board, 586 So.2d 1354, 1359 (La.1991), the Louisiana Supreme Court stated:
It is well settled under Louisiana law that the judicial branch may not ordinarily enjoin a municipal body from acting under the guise of its legislative powers. However, we have held that where the threatened action of a municipal body is in direct violation of a prohibitory law a court of equity may enjoin the threatened action. In such cases, it is not necessary for the plaintiff to show irreparable injury. This judicially created rule is an exception to the general rule that an injunction will not issue where irreparable injury will not otherwise result. 
Exclusivity of the Bid
The trial court found that the four successful bidders placed their bids with the "explicit" understanding that the City would allow only four on-site car rental agencies.
The Notice of Bids describes the property to be leased as:
THERE ARE FOUR (4) EQUAL SPACES ON THE EAST WALL INSIDE THE MONROE REGIONAL AIRPORT TERMINAL BUILDING. SUCCESSFUL BIDDERS WILL BE ASSIGNED AN AREA BY AIRPORT MANAGEMENT.
There is no explicit language in the Notice of Bids, the Instructions to Bidders, the Bid Blank, or the Leases that can be construed as providing the four successful bidders with such exclusivity. Rather, plaintiffs rely on an implied understanding that no other car rental agencies would be allowed to operate in the Monroe Regional Airport.
Plaintiffs base this alleged understanding on a historical pattern of increasing the number of on-site car rental agencies at the Monroe Regional Airport only at the time when all of the counters were up for re-bid. As additional support for this belief, Herbert Robinson, one of the owners of the Budget franchise, testified that in 1999 he was guaranteed by the City that there would be only four rental franchises operating in the airport. However, he admitted that no such guarantee was made during the 2004 bid process. Robinson further acknowledged that there was no exclusivity clause in any of the bid documents that he received and that he was aware of the necessity of such a clause as evidenced by the fact that he knew of such a clause being included in contracts at other airports. The City, as the airport authority of the Monroe Regional Airport, has an interest and right, expressly provided by La. R.S. 2:135.1, in providing the facility and service needs of the airport. In order to expand the number of on-site car rental agencies, the City would have had to build a new counter. Thus, when presented with the opportunity to add to this number and thereby increase revenue, the City acted immediately. We cannot find any evidence of such an explicit understanding between the City and plaintiffs to limit the number of on-site car rental agencies.
Plaintiffs may have an action against the City for detrimental reliance based on a possible implied understanding that the *879 City intended to limit the number of on-site car rental agencies to four. However, such an implied understanding is not grounds for an issuance of a preliminary injunction.

Metered Parking Spaces
Louisiana Revised Statute 2:135.1(B)(1)(a) states that "the public bid requirement provided by [La. R.S. 2:135.1(A)(3)] shall be at the option of the sponsor when such sponsor is leasing operations space of less than two hundred fifty square feet." The trial court found that by "feeding" the meters, Avis was paying the City for the privilege of using these parking spots, and that as such, the area of these spots should be included in the calculation of the area of Avis's operations space. The addition of even one of these parking spots increases the area of Avis's operations to more than 250 square feet. Thus, the trial court concluded that Avis's space exceeded 250 square feet and that the City was required to open the lease to public bid.
The parking spots used by Avis are provided by the City to the general public on an as available basis. In sharp contrast are the exclusive parking spots provided to the plaintiffs. For Avis to use the public parking it must feed the meters just as any other person would be required to do. Under these circumstances, the public parking spots used by Avis should not have been included in calculating the area of the space leased by Avis.[2]

Preferential Lease
The trial court determined that the City violated La. R.S. 2:605 by granting Avis a "preferential lease" because the lease was awarded to Avis without the City employing a public bidding process as was required for the other four on-site car rental agencies.
Avis is a car rental agency operating at the Monroe Regional Airport. The services provided by Avis are indistinguishable from those provided by Budget, Hertz, Thrifty, and National. Each lessee operates a car rental agency located in the airport, where the majority of the business comes from deplaning passengers. These franchises provide the same class(es) of cars to the same class(es) of customers. Avis's lack of designated parking at the airport does not change the services provided.
The purpose of La. R.S. 2:605 is to balance the right of the airport authority to lease space and use privileges with the public interest of maintaining fair market competition. In this vein, the statute requires equal treatment of all members of the same class of privilege or service. Thus, the statute seeks fair competition by preventing the airport authority from granting exclusive concessions, licenses, or leases.
Plaintiffs argue that the City is required to open to public bid any lease for on-site car rental counter space regardless of the size of the space because it was a condition *880 required of the other on-site car rental agencies. However, we note that La. R.S. 2:605(B) also states that the terms, conditions, charges, rentals, and fees shall be established with due regard to the property and improvements used and the expenses of operation to the authority. Thus, when read along with La. R.S. 2:135.1(B)(1)(a), which requires a public bid only for spaces of 250 square feet or larger, the uniform application of terms and conditions required by La. R.S. 2:605(B) does not extend to a requirement of a public bid when leasing less than 250 square feet. We further note that there was no showing that Avis was the only rental company which could have negotiated for the smaller counter space. Apparently, they were just the only one who thought to do so, ironically at a yearly rental rate of only one penny more than that paid by the lowest successful bidder.
Where the threatened action of a municipal body is in direct violation of a prohibitory law, a court of equity may enjoin the threatened action without the necessity of plaintiff showing irreparable injury. Louisiana Associated General Contractors, Inc., supra. Because plaintiffs have failed to make a prima facie showing that they will prevail on the merits and that the conduct they seek to enjoin is prohibited by law, a preliminary injunction should not have been issued. In finding otherwise, the trial court misused its great discretion.[3]

Conclusion
For the reasons assigned herein, the trial court's granting of a preliminary injunction is reversed and this case is remanded for further proceedings. Costs are assessed to plaintiffs.
REVERSED and REMANDED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Randal Scoggin, the president of Avis, measured the counter space at 120 square feet, while Cleve Norrell, the airport manager, measured the counter space at 190 square feet.
[2] However, this court is concerned that Avis's use of these parking spots creates the appearance that the City was granting preferential treatment to Avis by attempting to circumvent the public bid process otherwise required by La. R.S. 2:135.1. The record provides evidence that the City considered the idea of providing Avis with exclusive designated parking spots but rejected it because to do so would require the City to open such a lease to public bid. However, even if the trial court was persuaded by this evidence, the preliminary injunction granted to plaintiffs is overly broad. Avis has argued that such parking spots are not necessary to its operations, as it is not uncommon for car rental agencies to shuttle deplaning passengers to an off-site parking lot and then transport returning clientele to the airport. A preliminary injunction of a more appropriate scope would have enjoined the use of general public parking by Avis.
[3] Our resolution of this matter, however, is not dispositive of the likelihood of plaintiffs' success, or lack thereof, at the trial on the merits of this case.