CHEHARDY, Judge.
Continental Titles, Inc. (Continental),[1] defendant on the petition of plaintiff United States Fire Insurance Company (Fire) for a preliminary and permanent injunction, appeals a district court judgment in favor of Fire in that matter and against Continental, permanently enjoining, restraining and prohibiting Continental, its agents, employees and attorneys from executing or attempting to execute on the default judgment taken by it and against Fire on the 25th day of July, 1980, in the matter entitled “Continental Titles, Inc. versus United States Fire Insurance Company.” Continental was ordered to pay all costs in connection with the issuance of that injunction.
The facts of this case are as follows: On June 3, 1980, Continental, represented by Albert J. Huddleston as counsel, filed a petition against Fire alleging damages done to an aircraft owned by Continental by contaminated fuel in the amount of $45,375, together with penalties and attorney fees. A motion for preliminary default was filed in that suit on June 12, 1980, entered on July 7, 1980, and confirmed and made final on July 25,1980. On August 20, 1980, Fire, represented by James F. Holmes, answered the petition. On September 11, 1980, Fire then filed a petition for a preliminary and permanent injunction against Continental, and on September 12, 1980, Fire filed a petition for nullity of judgment in regard to the previous default judgment rendered against them, alleging fraud and/or ill practices.
The trial judge obtained a stipulation from the parties that the trial on the rule in the injunction proceeding would be on both a preliminary injunction and a permanent injunction. He rendered judgment granting a permanent injunction, permanently enjoining Continental from executing or attempting to execute on the default judgment.
We amend the judgment and grant only a preliminary injunction pending the final determination on the motion for nullity.
Although the stipulation was to also try a permanent injunction, the parties also agreed that the nullity of judgment petition would be tried later.
The effect of the whole stipulation is that the judgment rendered could only in effect be a preliminary injunction which would be in existence until the judgment was rendered on the nullity suit. We call attention to the fact that an aggrieved party may appeal a default judgment and he may file a petition for nullity. The petition for injunction in this case, where there was no attempt to execute, appears to be an effort to create a new kind of procedural remedy. In the procedural posture of this case the injunction was obviously considered by the attorneys to be in the nature of an ancillary to the nullity judgment, i.e., a conservative writ to maintain the parties in status quo until a hearing on the merits of the nullity petition. A permanent injunction would, of course, render the nullity proceeding basically moot, because the judgment could never be executed.
In a preliminary injunction it is not necessary that the petitioner prove the merits of the case, that is that the default judgment should be annulled, but simply that he establish a prima facie case in support of that action and that he would be subject to irreparable injury if the status quo is not preserved.
*218 We conclude that the petitioner has furnished sufficient facts for the granting of a preliminary injunction. We do not pass upon the ultimate issue, i.e., the nullity of the judgment, but in accordance with the agreement of the parties defer that decision until after a hearing on the merits.
Accordingly, we amend the judgment appealed to grant only a preliminary injunction, preliminarily enjoining, restraining and prohibiting Continental, its agents, employees and attorneys from executing or attempting to execute on the default judgment taken by it and against Fire on the 25th day of July, 1980, upon posting a bond in the amount of $90,000. This matter is remanded for further proceedings as may be necessary and proper on the petition for nullity. Costs are to be assessed on the final disposition of the trial court.
AMENDED AND REMANDED.

. Although Continental was the plaintiff in the original action, it is the defendant in the action of nullity.