BYRNES, Judge.
This is an appeal by the New Orleans Council on Aging (NOCA) from the granting of a preliminary injunction forbidding NOCA from terminating its contract with Exquisito Food Services Inc. (Exquisito). We reverse.
NOCA is a non-profit corporation which provides various services to elderly residents of the City. Among these services is the provision of meals to those who, for financial or health reasons, cannot cook for themselves. In September, 1985 NOCA contracted with Exquisito to provide some of these meals at certain locations. When inspections of Exquisite’s kitchens by the State Department of Health & Human Resources, Food and Drug Control Unit revealed substantial violations of the State Sanitary Code, NOCA took steps to cancel the contract.
The procedure for cancellation was set out in Article 10 of the contract and provided that:
In the ewnt of a substantial breach of this agreement by the Vendor, [Exquisite] the contractor [NOCA] may notify the Vendor in writing of such default and may demand the same be remedied within 10 days from the delivery of such notice and in the event that the Vendor shall fail to relieve the default or take appropriate steps leading thereto within said 10 days, the Contractor shall there *1148 upon have the right to cancel this agreement without further notice.
To comply with this procedure, NOCA sent a letter to Exquisito on December 20, 1985 which stated:
In accordance with the above mentioned food service contract which expires on June 30, 1987, you are hereby notified that you are in substantial violation of the aforementioned contract. On October 2nd, October 9th, December 9th and December 20th, 1985 the Department of Health and Human Resources, Office of Health Services and Environmental Quality, Food and Drug Control Unit Personnel, visited your facilities at 150 Elks Place, and found the facilities to be in substantial violation of various health codes and ordinances. On one of those occasions, personnel with our office also inspected the premises, and were in agreement with the State Inspector as to the poor quality of your facility. In reviewing your contract, more specifically, Paragraphs 1 and 5 under “Operative Provisions”, you are required to maintain sanitary food preparation facilities at all times, as well as to maintain compliance with all laws, ordinances, etc.
In accordance with Article 10, under “Operative Provisions” of the above contract, if your facilities are not brought into compliance with all codes and ordinances, and are not made sanitary within 10 days of the date of delivery of this letter, then the aforementioned agreement will be deemed dissolved without further notice.
This letter was received by Exquisito on December 23, 1985. When a reinspection by a dietitian from the Governor’s Office of Elderly Affairs on January 2,1986 revealed that there were still substantial violations of sanitary procedures at Exquisite’s food preparation facility, NOCA, in accordance with its December 20, 1985 letter, deemed the contract cancelled and proceed to find another caterer to do the job. Exquisite then obtained a temporary restraining order forbidding NOCA from cancelling the contract. Subsequently, a hearing was held to determine if a preliminary injunction should be issued. At the close of that hearing the trial judge granted the injunction, finding: 1) that Exquisite had shown irreparable injury would result if the injunction did not issue and; 2) that a prima facie case had been made that the notice provided by NOCA in its December 23, 1985 letter to Exquisite was not specific enough to allow cancelation of the contract under Article 10. We disagree.
To obtain a preliminary injunction under C.C.P. Art. 3601, the party seeking the injunction must make a prima facie showing that he will prevail on the merits of the case and that irreparable harm will result if the injunction does not issue. Anzelmo v. Louisiana Commission on Ethics For Public Employees, 435 So.2d 1082 (La.App. 1st Cir.1983) writ denied 441 So.2d 1220 (La.1983); Lamb v. Quality Inspection Services, Inc., 398 So.2d 643 (La. App. 3rd Cir.1981).
Although the trial judge has broad discretion in determining whether or not to issue a preliminary injunction, his decision is nonetheless subject to appellate review and can be reversed where a clear abuse of that discretion is shown. Schwegmann Brothers Giant Supermarkets v. Louisiana Milk Commission, 290 So.2d 312 (La. 1974). Our review of the record convinces us that the trial court abused his discretion in this case.
In his reasons for judgment the trial court stated that:
Although defendant’s correspondence to plaintiff refers to substantial violations of various, health codes and ordinances, the complaints were not specific. Defendant therefore failed to put the plaintiff on notice as to exactly what had to be corrected in order to comply.
Based on this conclusion, the trial court found that Exquisite had made a prima facie showing that it would prevail on the merits of a suit by NOCA to cancel the *1149 contract. In our opinion, the trial court erred by reaching this conclusion.
NOCA’s December 20, 1985 letter specified its complaints by reference to four separate inspections made by State Health Officers. The record leaves no doubt that Exquisito received copies of the reports which were made after each of these inspections. The reports were quite specific as to what aspects of Exquisite’s operations were sub-standard. Among other things, the inspections revealed roaches through out the facility, uncovered food stored in walk-in coolers, numerous rusty and/or leaking cans of food, dirty meat slicers, improperly stored untensils, dirty and unsanitary floors and walls, dirty toliet facilities for employees, employees’ failure to use hair restraints, and employees’ smoking while preparing food.
It is difficult to conceive how Exquisite could claim that it did not have adequate notice of the violations NOCA wanted corrected in light of these reports. It is obvious that NOCA’s December 20, 1985 letter was demanding that Exquisite make its facilities sanitary by correcting the violations found by the State inspectors on the dates specified in the letter. The testimony and report of Mary Tonore, a dietitian from the Governor’s Office of Elderly Affairs shows that Exquisite had not made any significant progress in correcting these problems in the 10 days that passed between Exquisite’s receipt of NOCA’s letter and her inspection.
Under these circumstances the trial court was wrong to conclude that Exquisite did not receive adequate notice under Article 10 of its contract with NOCA, and abused his discretion by granting the preliminary injunction. Exquisite simply did not m^ke á prima facie showing that it would prevail on the merits of a suit to dissolve the contract.
For the foregoing reasons, the judgment of the trial court is reversed and the preliminary injunction is dissolved. All costs of these proceedings are to be paid by Exquisite.
REVERSED.