BYRNES, Judge.
This case involves the denial of injunctive relief. Plaintiff/Appellant, Joseph W. Bar-letta (Barletta) filed a petition for preliminary injunction against the State of Louisiana, Through the Louisiana State University Medical Center, School of Dentistry (Dental School) seeking to have his expulsion from dental school lifted pending trial on the merits. The trial court ordered a hearing by affidavit pursuant to La-C.C.P. Art. 3609 and on January 21, 1988, the trial court denied the preliminary injunction. The Court assigned reasons for judgment on January 28, 1988, stating that: “The applicant failed to make a prima facie showing that he would prevail on the merits, therefore the preliminary injunction was denied.” We agree.
FACTS
Barletta was a licensed dental hygenist and a dental student attending the Louisiana State University School of Dentistry. On January 29, 1979, the Louisiana State Board of Dentistry (Board) commenced pro *1039 ceedings against Barletta for alleged violations of LA-R.S. 37:777(9), which provides:
The board may refuse to issue, or may suspend or revoke any dental hygienist license or permit, or impose probationary or other restrictions on any license or permit issued under this Chapter for any of the following reasons.
(9) Performance of any operation or procedure other than that permitted under the provisions of this Chapter.
These charges were based upon three alleged incidents that occurred in 1985 while Barletta was working in his father’s dental office as a part-time dental hygienist. Specifically, Barletta administered an injection and/or performed a tooth extraction on a patient without the requisite authority and supervision. He also apparently wrote a prescription for the drug perco-dan and saw a patient without the supervision of a dentist.
The Board scheduled a hearing on these charges for March 21, 1987 at which time the Board and Barletta, who was represented by counsel, filed a consent decree which had been executed by the parties several days prior to the hearing date. By this consent decree, Barletta agreed to waive all rights he may have had, including, among others, his right to a full administrative hearing, to present and cross-examine witnesses, and to appeal the decision. He agreed further to surrender his license to practice dental hygiene for five (5) years followed by a ten (10) year probation period. Finally, Barletta was fined $3,000.00 and ordered to reimburse the Board the amount of $1,593.00 for costs. (The consent decree is reproduced in its entirety in appendix “A” to this opinion.)
On August 24, 1987 Barletta received oral notification from Dr. Howard Brug-gers, chairman of the Student Affairs Committee at the dental school, informing him that a hearing before the Student Affairs Committee was scheduled for September 3, 1987 to consider whether the actions which had led to the consent decree constituted violations of the Professional Conduct Code of the dental school. Specifically, Section II of the Code prohibits behavior that is “contrary to the best interests of ... the School of Dentistry”. Dr. Bruggers also advised Barletta of his due process rights. The conversation between Bruggers and Barletta was confirmed by a letter from Bruggers dated August 24, 1987.
In response to this notification, Barletta contacted Wilson C. Krebs, the attorney who had represented him before the Board in connection with the consent decree. By correspondence dated August 31, 1987, Mr. Krebs apparently requested a continuance of the hearing due to his unavailability on the scheduled date. Upon receipt of Mr. Krebs’ letter on September 2, 1987, Paul W. Newton, Jr., an attorney for the Board of Supervisors of Louisiana State University, contacted Mr. Krebs concerning the hearing. An affidavit executed by Mr. Newton reflects that during that conversation the attorneys agreed to a continuance for the purpose of allowing Mr. Krebs to confer with Barletta about the possibility of retaining other counsel for the hearing. The hearing was to be continued for one week, until September 10, 1988. Mr. Krebs, however, would still be unavailable on that date. Barletta did find out about the new September 10 hearing date and appeared before the committee unrepresented by counsel. The affidavits reflect that Barletta participated fully in the hearing. No witnesses were presented against him, and he was given the opportunity to present witnesses on his own behalf, which he chose not to do. Following the hearing, the committee ruled that Barletta had violated the Code and recommended his expulsion from the dental school. The Dean accepted the committee’s recommendation, and Barletta was expelled.
Barletta unsuccessfully exhausted his internal appeal remedies, and he filed a petition for preliminary injuction seeking to be reinstated to the dental school curriculum. The trial court ordered a trial by affidavit, and on January 21, 1988 the court denied the injunction, finding that Barletta had “failed to make a prima facie showing that he would prevail on the merits” (Reasons for Judgment, January 28, 1988). This appeal followed.
Appellant makes one assignment of error alleging that the trial court erred in deny *1040 ing the preliminary injunction for failing to make a prima facie showing of prevailing on the merits. Specifically, appellant cites five issues for this court to consider. First, appellant contends that he was not accorded due process. Secondly, he states that he was not notified in writing of the hearing before the Student Affairs Committee. Third and fourth, Barletta asserts that he did not voluntarily waive his right to counsel and against self-incrimination. Finally, appellant alleges that the original charges against him were vague and ambiguous. For the following reasons, we find that appellant’s contentions are without merit.
DISCUSSION
In the instant case, the trial court chose to hear the application for injunction by affidavit as provided by LA-C.C.P. Art. 3609. Accordingly, the hearing before the court was limited to the oral argument of counsel and the court’s review of the affidavits and other exhibits submitted by the parties. It is well settled that to prevail on an application for preliminary injunction the plaintiff must meet a two-fold test. First, he must make a prima facie showing that he will prevail on the merits, and second, he must show that he will suffer irreparable injury if the status quo is not preserved and the court does not issue the injunction. LSA-C.C.P. Art. 3601 et seq; Exquisito Food Services, Inc. v. New Orleans Council of Aging, Inc., 502 So.2d 1147 (La.App. 4th Cir.1987); Price v. State Department of Public Safety, License Control and Driver Improvement Division, 325 So.2d 759 (La.App. 1st Cir.1976). This does not mean that the plaintiff must prove the merits of the case or that the court actually rules on the merits. Continental Titles, Inc. v. U.S. Fire Ins. Co., 413 So.2d 216 (La.App. 4th Cir.1982). Therefore, the granting or denial of an application for preliminary injunction cannot be construed as being equivalent to an eventual ruling on the merits of an ordinary proceeding. Rather, the court rules simply on the likelihood of success and the potential for irreparable injury to the plaintiff if the relief sought is denied, based solely on the evidence before it.
The preceding recitation of facts is based upon the affidavits and exhibits that were presented at the hearing on the application. Considering those facts, we find that appellant was accorded every possible benefit of due process. The record indicates that every effort was made to be sure that Barletta understood his rights prior to the hearing. Dr. Bruggers specifically invited appellant to contact him with any questions. Further, appellant was fully aware that he was not required to testify at the committee hearing and was asked at that hearing whether he wished to call witnesses on his own behalf. Additionally, the affidavits show that appellant participated fully in the hearing.
The evidence also suggests that appellant had ample knowledge of the time, place and date of the hearing, although he allegedly did not personally receive written notice of the hearing. Assuming arguendo that written notice was required, the record reflects that Barletta’s attorney did receive such notice and had the opportunity to discuss the matter with his client prior to leaving town. Thus, Barletta’s appearance and participation in the hearing shows that appellant had actual knowledge of the particulars of the hearing regardless of whether or not he personally received written notice thereof.
Further, given appellant’s familiarity with the charges brought against him by the committee, notice one week prior to the hearing was sufficient time for him to obtain alternate representation if he so desired. Clearly, appellant was aware of his right to have counsel present, but he apparently chose not to do so once he learned that Mr. Krebs would be unavailable.
Similarly, we find that the facts before us suggest that it is not likely that Barletta would succeed on the merits of his claim that he did not voluntarily waive his right against self incrimination. Appellant is apparently an intelligent man. He clearly understood his rights in this matter. One of those was the right not to testify before the committee as to anything that might tend to incriminate him. The committee read the charges and reviewed the *1041 prior consent decree. When asked if he had a statement to make, he made one freely and voluntarily. This contention has no merit.
Finally, appellant alleges that the original charges against him were vague and ambiguous. This allegation would have required the trial court, and now us, to rule on the original charges brought by the State Board. This would be tantamount to an appeal of those charges. As previously noted and as can be seen by a review of the consent decree (Appendix “A” hereto), appellant waived his rights to such an appeal by his signature to the consent decree. Accordingly, neither the trial court nor this court can consider this allegation.
Finally, appellant presented no evidence at the injunction hearing of irreparable injury. Clearly, a mere allegation of irreparable injury will not suffice. The only injury we can see, from delayed completion of dental school would be a potential loss of income which can clearly be compensated by money damages. See LSA-C.C.P. Art. 3603 and cases cited thereunder. Accordingly, appellant would not suffer irreparable injury by not receiving the relief sought.
For the foregoing reasons, we find that the evidence before the trial court did not indicate a likelihood of success on the merits of the issues presented to the trial court. Further, appellant failed to show that irreparable injury would result from a denial of the application for preliminary injunction.
The judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.
APPENDIX A
AGREEMENT CONTAINING OOEENT DECREE W AH) BETWEEN WAYNE BARIOTA.H.D.H. AH) THE LOUISIANA STATE BUAKB ⅛' UtNl'ISTR?—
VHEREAS, the Louisiana State Board of Dentistry (sometimes hereinafter referred to as "Board”) commenced formal administrative proceedings against Mr. Joseph Wayne Barletta (sometimes hereinafter referred to as "Mr. Barletta") on January 29, 1987, concerning alleged violations of La. R.S. 37:777(9); and
VWREAS, a formal administrative hearing into the specifications served upon Mr. Joseph Wayne Barletta was scheduled by the Board to be heard in Morgan City, Louisiana, on March 21, 1987; and
VHEREAS, in advance of said hearing, the parties hereto desire to enter into this Consent Decree to resolve the matter without the necessity of a formal administrative hearing;
BE IT THEREFORE RESOLVED, that the Louisiana State Board of Dentistry and Mr. Joseph Wayne Barletta do agree as follows:
(1) Mr. Barletta waives:
(a) any further procedural steps required by the Louisiana Administrative Procedure Act, the Louisiana Dental Practice Act, and any other applicable laws; and
*1042 (b) the requirement that the Board render a decision containing a statement of findings of fact and conclusions of law;, and
(c) all rights to seek judicial relief or otherwise to challenge or contest the validity of the charges •and/or allegations contained in the original charges dated January 29, 1987 and/or as otherwise
contained herein. (2) Mr. Barletta does voluntarily surrender his license to practice dental hygiene in the State of Louisiana for a -period of five (5) years commencing March 14, 1987 and expiring March 13, 1992. On the latter date, Mr. Barletta shall commence a ten (10) year probationary period during vdiich he shall not violate ary provision(s) of the Dental Practice Act. If Mr. Barletta is charged with an offense of the Dental Practice Act during said probationary period, then the Board shall conduct a revocation hearing to ascertain if in fact Mr. Barletta has violated his probation and if he is found to have violated his probation, the Board shall have the authority to automatically trigger a revocation of his dental hygiene license for the remainder of his probationary period.
(3) Mr. Barletta is hereby fined the sum of One Thousand and no/100 ($1,000.00) Dollars for each of the three (3) specifications (totalling Three Thousand and no/100 ($3,000.00) Dollars) and said fines^shall be paid to the Board, at its offices, not later than March 13, 1987.
(A) Mr. Barletta shall reimburse the Board the sum of One Thousand Five Hundred Ninety-Three and no/100 ($1,593.00) Dollars for costs and expenses incurred in this matter and said payment shall be made by Mr. Barletta to the Board, at its offices, not later than March 13, 1987.
EXHIBIT
(5) Both parties stipulate that this agreement of Consent Decree shall be treated as a final decision and as otherwise provided in La. R.S. 37:780.
(6) Mr. Barletta and his counsel, Wilson C. Krebs, both acknowledge that they have read this Consent Decree and that they fully understand all the terms, dispositions and/or sanctions included therein. Moreover, Mr. Barletta does *1043 further acknowledge that he does enter into this Consent Decree based on his full understanding and acceptance of all terms and conditions hereof as his free act and deed. He further acknowledges that by entering into this Consent Decree, he does fully waive any rights he has or may have under the'laws of the State of Louisiana regarding this matter including, without limitation, his right to a formal administrative hearing, the right to present witnesses in his behalf and to appeal any decision regarding this matter.
(7) Both parties stipulate that this Consent Decree shall be executed in duplicate originals, before a Notary Public and witnesses, and shall not become binding to the Board until and unless Mr. Barletta has properly executed the document and has paid all fines and costs to the Board, at its offices, on or before March 13, 1987, 1:00 o'clock p.m.
[[Image here]]