454 So.2d 855 (1984)
KLIEBERT EDUCATIONAL TRUST, and Timothy A. Becnel Inter Vivos Trust,
v.
WATSON MARINES SERVICES, INC.
No. 83-CA-713.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1984.
*857 Kliebert & Heltz, Thomas J. Kliebert, Jr., Gramercy, for plaintiffs-appellees.
McCollister, McCleary, Fazio & Holliday, William C. Shockey, Baton Rouge, for defendant-appellant.
Before CURRAULT, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This is an appeal by the defendant, Watson Marine Services, Inc., devolutively taken from a judgment granting a preliminary injunction requiring it to discontinue mooring barges in the Mississippi River bordering on the plaintiffs' property and suspensively taken from that part of the judgment requiring the defendant remove any anchor, buoy, or piling in the bed of the river immediately bordering on the plaintiffs' property. We affirm.
Three issues are presented:
(1) Whether plaintiffs, riparian landowners, have standing to assert their action requesting the defendant's mooring operations on the Mississippi River be enjoined;
(2) Whether LSA R.S. 9:1102.1 is preempted by federal legislation enacted pursuant to the Commerce Clause; and
(3) Whether the trial court erred in granting the landowners injunctive relief.
Watson Marine is engaged in barge fleeting operations which are conducted in the Convent, Louisiana area of St. James Parish in the Mississippi River on both sides of, as well as in front of, the land owned by the plaintiffs and abutting the river. The plaintiffs filed suit against Watson Marine Services, Inc. seeking to enjoin the warehousing of barges immediately in front of their properties and seeking removal of buoys and anchor pilings from the river bed. Watson Marine admits mooring operations were conducted without the approval or permission of the South Louisiana Port Commission or the plaintiffs but solely upon the authority of a permit issued by the United States Corps of Engineers to Ryan-Walsh Stevedoring Company and assigned ultimately to Watson Marine. Within the contract of assignment is a specific requirement that either batture leases or authorization be obtained from the landowners.
In the trial court, the defendant filed exceptions of no right or cause of action and improper use of summary proceedings. The court overruled the exceptions and determined *858 from the trial on the merits the plaintiffs were entitled to relief as prayed.
Watson Marine contends the plaintiffs do not own any part of the bed of the Mississippi River and have no standing to assert claims involving the use by others of the waterway bordering on their property. Article 681 of the Louisiana Code of Civil Procedure allows that an action be brought only by a person having a real and actual interest which he asserts. We find the plaintiffs have asserted a real and actual interest.[1] While it is true the State of Louisiana, pursuant to article 450 of the Louisiana Civil Code, is the owner of the river bottom, the banks of navigable rivers subject to public use are privately owned by the riparian landowners as provided by article 456 of our Civil Code. Riparian landowners, by virtue of Louisiana Revised Statute 9:1102.1, own the right to erect and maintain on the batture, banks, and bed of the river, buildings and improvements as may be required for commerce, navigation, or other public purposes. This right is subject only to a requirement that the landowner obtain a permit from the South Louisiana Port Commission authorizing such work, and such permit is to be denied only when the Port Commission finds denial to be in the best interest of the public for no reason other than violation of safety or accepted navigation regulations.[2] Thus, the state legislature has granted a real right to these riparian landowners to erect and maintain buildings and improvements on the river subject only to the Port Commission's duty to protect the public's best interest.
There is no Louisiana statute which grants a right to erect and maintain buildings and improvements on the river to persons other than riparian landowners and their lessees, the negative implication being that only landowners and their lessees have this right. The language of Louisiana Revised Statute 9:1102.1, "and their lessees," indicates a presupposition that a non-landowner must obtain a lease from the riparian owner before seeking authorization of his commercial purposes from the Port Commission. The plaintiffs have standing to protect their right against the defendant who, prior to the trial court's judgment, had been warehousing barges on the river without first negotiating a lease agreement or attempting to obtain authorization from anyone in this state.
Secondly, it is asserted by Watson Marine, Inc. that state legislation regulating the erection and maintenance of buildings and improvements in navigable waterways in Louisiana is unconstitutional because the United States Congress, pursuant to the Commerce Clause of the United States Constitution, has enacted 33 U.S.C. § 10[3] and 33 U.S.C. § 403[4] and thus preempted the field.
The United States Supreme Court in Cummings v. Chicago, 188 U.S. 410, 431, 23 S.Ct. 472, 477, 47 L.Ed. 525 (1903) *859 held the authority of a state to prohibit the erection, without its permission, of a structure in a navigable river wholly within its limits, was not superseded by 33 U.S.C. § 403. The court addressed whether Congress had intended to ignore Illinois legislation regulating the erection of structures in a navigable river wholly within the state by empowering the Secretary of War to issue permits for construction in the navigable waterway:
... the effect of that act, reasonably interpreted, is to make the erection of a structure in a navigable river, within the limits of a State, depend upon the concurrent or joint assent of both the National Government and the State Government. The Secretary of War, acting under the authority conferred by Congress, may assent to the erection by private parties of such a structure. Without such assent the structure cannot be erected by them. But under existing legislation they must, before proceeding under such an authority, obtain also the assent of the State acting by its constituted agencies.
In Zabel v. R.P. Tabb, 296 F.Supp. 764, 765 (M.D. SLA 1969), the court acknowledged the Cummings rule that a party is required to seek approval for the erection of structures in a navigable waterway from local agencies as well as federal agencies. The court in Norfolk Dredging Company v. Radcliff Materials, Inc., 264 F.Supp. 399, 401 (E.D.Vir.1967), followed the Cummings decision and stated that a permit issued by the Federal Government merely expresses the assent of the Federal Government so far as concerns the public rights of navigation but in no way obviates the necessity of obtaining state assent to the work authorized. Reflecting the Cummings rule is the United States Army Corps of Engineers permit, issued to Ryan-Walsh and ultimately assigned to the defendant Watson Marine, Inc., which specifically states the concurrent consent of state and local authorities for erection and maintenance of buildings and improvements in the navigable waterway is required.
The State of Louisiana in article 450 of the Civil Code has reserved to itself the ownership of the beds of the navigable waterbodies within its borders. The Louisiana legislature in creating the South Louisiana Port Commission and empowering it to enact certain regulations governing constructions on the river (LSA R.S. 34:2471-2477) and in enacting Louisiana Revised Statute 9:1102.1 did not unreasonably interfere with navigation but acted within its concurrent jurisdiction.
Finally, we are called upon to decide whether the trial court erred in ordering, as requested by the plaintiffs, the defendant's mooring operations be discontinued and any buoy, anchor, or piling located in the river in front of the plaintiffs' property be removed. The defendant contends the preliminary injunction mandating permanent removal of any buoy, anchor, or piling located in front of the plaintiffs' property was granted subsequent to a summary judgment and therefore improper. Article 3602 of the Louisiana Code of Civil Procedure provides that a preliminary injunction is decided in summary proceedings whereas a hearing for a permanent injunction is by way of ordinary proceedings, with a fully-developed trial on the merits. Louisiana jurisprudence, however, allows an injunction on ex parte application only in cases where the purpose to be accomplished is to restrain or prohibit something from being done. Red River v. Noles, 406 So.2d 294, 298 (La.App. 3d Cir.1981). In its mandatory form, when it commands the doing of something, it cannot be issued without a hearing on the merits. Red River v. Noles, supra. The removal of any anchor, buoy, or piling from the bed of the river is in mandatory form, and thus requires a full hearing on the merits. Watson Marine further contends that because in their petition the plaintiffs requested merely a rule to show cause, it was not given adequate notice of the plaintiffs' intention to proceed with a full trial on the merits on the issue of the mandatory injunction requiring removal of anchors, buoys, or pilings. Article 3602 provides that a preliminary as well as a permanent *860 injunction shall not issue unless notice is given to the adverse party and there is an opportunity for a hearing.
The trial court, in its reasons for denying the exception of improper use of summary procedure, stated:
This defense was raised for the first time on the morning of the hearing at which time it was argued and overruled. After the exception was overruled the defendant then proceeded to trial without apparent difficulty. Witnesses, expert and otherwise, were called and testified and other evidence introduced. There is neither allegations nor showing that any disadvantage resulted ... Defendant has not been prejudiced by the procedural method employed and ... Plaintiffs are entitled to the relief for which they have prayed.
In Red River v. Noles, supra, a preliminary injunction requiring an owner to remove permanent buildings from a servitude of a levee district was upheld because, as the appellate court found, the evidence presented at the hearing was not limited, both parties presented testimony, and the trial court permitted a full hearing on all issues in controversy, and therefore, the injunction had not been issued merely upon a prima facie showing.
Accordingly, we find, as the trial court did, Watson Marine Services, Inc. has not been prejudiced by the procedural method employed. The defendant is unable to show any disadvantages to itself, and it is clear from the record Watson Marine was given full opportunity to present evidence on the merits of the case. The plaintiffs' pleadings were sufficient and adequate to put the defendant on notice that the plaintiffs had requested relief in the form of the permanent removal of any buoy, anchor, or piling located in front of their property. While the plaintiffs in their petition requested a rule to show cause, no technical forms of pleading are required in Louisiana, pursuant to article 854 of our Code of Civil Procedure, and additionally, article 865 of the Louisiana Code of Civil Procedure provides that every pleading shall be so construed as to do substantial justice.
The defendant claims the injunction was improperly issued in that the plaintiffs suffered no irreparable harm which is pursuant to article 3601 of the Louisiana Code of Civil Procedure, a necessary element that must be proven in order to obtain injunctive relief. However, an injunction granted pursuant to article 3663 of the Louisiana Code of Civil Procedure may be granted without any showing of irreparable injury. Elliot v. Louisiana Intrastate Gas Corporation, 336 So.2d 925, 926 (La.App. 3d Cir.1976). Article 3663 provides in pertinent part that injunctive relief is available to a person who is disturbed in the possession which he has had for more than a year of a real right of which he claims the ownership. The trial court concluded the plaintiffs proved a trespass, and injunctive relief pursuant to article 3663 was properly granted.
Accordingly, we affirm the judgment of the trial court, all costs to be paid by the appellant.
AFFIRMED.
NOTES
[1] The plaintiffs' petition states in pertinent part:

... In order to protect plaintiff's rights and interest in the premises, it is necessary that defendants be ordered to cease any and all operations with respect to mooring and/or anchoring barges in the front of plaintiffs' properties, that they be ordered to remove the mooring buoy set in the river in the front of plaintiffs' properties and any mooring lines from the waters of the river to the shore and to restore the surface of plaintiffs' properties to the same condition as it was prior to the defendants' entry thereon and action above described taken in connection with said operations, and from interfering with plaintiffs' properties in any manner, either on the shore or in connection with plaintiffs' rights appertaining to said properties as riparian owners.
[2] The South Louisiana Port Commission was created by the Louisiana legislature as expressed in Louisiana Revised Statute 34:2471 and empowered to enact regulations and issue permits authorizing the erection and maintenance of buildings and improvements on the river pursuant to Louisiana Revised Statute 34:2473.1(B) and (C).
[3] 33 U.S.C. § 10 provides that all navigable rivers shall remain public highways.
[4] Pursuant to § 403, nothing obstructive can be built outside harbor lines or where there are not harbor lines except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army. (Emphasis added)