477 So.2d 829 (1985)
WERNER ENTERPRISES, INC.
v.
WESTEND DEVELOPMENT COMPANY.
No. 85-CA-248.
Court of Appeal of Louisiana, Fifth Circuit.
October 10, 1985.
Rehearing Denied November 18, 1985.
*830 Louis H. Schultz, Metairie, for plaintiff-appellant.
Nathan Greenberg, Greenberg & Dallam, Gretna, for defendant-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal relates to injunctive relief in a property dispute. It concerns two separate judgments. We dismiss the appeal regarding the first judgment and set aside the second judgment and remand it for further proceedings.
As to the first judgment, the procedural history shows that on January 31, 1984, Werner Enterprises, Inc. filed a petition in the Twenty-Fourth Judicial District Court entitled "Petition to Recognize Real Rights and For An Injunction" naming Westend Development Company as defendant. Werner Enterprises, Inc., the owner of property adjacent to that of Westend Development Company, sought to enjoin a sheriff's sale of Westend's property because a partially completed walkway paid for by Werner was neither included nor excluded from the sale. The plaintiff, Werner, also sought a legal determination as to ownership of the property (the deck/walkway) prior to the sale and a judicial recognition of its real rights. In response to the petition and accompanying affidavit, a temporary restraining order was issued on January 31, 1984, with the hearing on the preliminary injunction to take place on February 17, 1984. Westend Development Company ultimately answered the pleading, averring that the property at 1928 West End Park had been purchased by Westend Amusement Corporation subject to a mortgage in favor of Westend Development Company, which was in default. Westend Development Company additionally motioned the court to order Westend Amusement and Werner Enterprises to restore the building at 1928 West End Park to its original condition, maintaining that the actions taken by Werner in preparation for the present deck (a walkway/balcony along the side of Westend's building was removed to make way for the deck's flushly adjoining the building) depreciated the value of the vendor's lien, which was in foreclosure. Several exceptions were filed. On June 26, 1984, Werner Enterprises motioned the Court again for a temporary restraining order and ultimately a preliminary injunction of the foreclosure sale set for June 27, arguing that the property description contained in the sale advertisement was defective and that sale of the property prior to a determination of the property rights involved would result in irreparable damage. The temporary restraining order was issued. It dissolved, by its own terms, on July 9, 1984, and a judgment was issued. On August 2, 1984, the rule for preliminary injunction filed by Werner Enterprises, Inc. was finally heard and denied. A judgment was signed on August 16, 1984. This judgment, appealed on October 15, 1984 by Werner Enterprises, Inc., is the first judgment before us.
As to the second, shortly after the rendition of the above judgment, Westend Development Company filed, in the same record, a "Petition for Restraining Order and Injunction." The petition requested that an injunction issue restraining the employees of Werner Enterprises, Inc. from completing the walkway and compelling removal of the work already completed.
A hearing took place on September 21, 1984, and on January 7, 1985, the court issued the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein restraining and enjoining the defendants, Werner Enterprises, Inc., and Westend Amusement Corporation, *831 from maintaining the deck or tie-in between the building at No. 1928 Westend Park and their adjoining building, and that the defendants be ordered to maintain a separation between the building and the deck of a minimum of three (3') feet.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said defendants do restore the building at No. 1928 Westend Park to the condition in which it was prior to the building of the deck between the two buildings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff's injunction shall issue upon plaintiff furnishing bond in the amount of One Thousand ($1,000.00) Dollars.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants shall have a period of thirty (30) days within which to restore the building at No. 1928 Westend Park and to remove the deck between the buildings so that a minimum of three (3') feet shall exist between the building at No. 1928 Westend Park and the remaining deck.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs are to be borne by defendants in rule, Werner Enterprises, Inc., and Westend Amusement Corporation.
JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT AT GRETNA, LOUISIANA, THIS 7th DAY OF JANUARY, 1985.
The record reflects the judgment was mailed to counsel on the same date. Thereafter, a suspensive appeal was taken on February 4, 1985.
In this court, the appellee moved to dismiss the appeal as to the judgment of January 7, 1985, and this court, on May 8, 1985, stated:
Because the judgment of January 7, 1985, appears to go beyond the scope of injunction proceedings, we determine the matter is inappropriate to be disposed of similarly. Appeals being favored in the law, we hereby refer the motion to dismiss to the panel on the merits of the appeal.
At the outset, we find the judgments of August 16, 1984 and January 7, 1985 constitute one appeal.
In determining whether the appeal of the first judgment, dated August 16, 1984, should be dismissed, we note and also find that in this disposition the trial judge dismissed only the plaintiff's rule for preliminary injunction. He did not dismiss nor otherwise purport to decide on that portion of the plaintiff's petition that requested a determination of certain real rights. Accordingly, the judgment of August 16, 1984 was simply a decision as to preliminary injunctive relief, the denial of which permitted the foreclosure sale to go forward. It did not adjudicate the respective real rights of the parties.
As a judgment relating solely to preliminary injunctive relief, the first judgment, insofar as appeal, is subject to the time constraints of Louisiana Code of Civil Procedure article 3612. This provision, in part, states that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within 15 days from the date of the order or judgment. Since the appeal was not taken until October 15, 1984, which was well beyond the 15-day limitation, we dismiss the appeal of this judgment.
The January 7, 1985 judgment is not so easily characterized or disposed of as the foregoing. In rendering a preliminary injunction, this second judgment is partially responsive to the caption of Westend Development Company's pleading, which reads, "A Petition for Restraining Order and Injunction." However, the bulk of the judgment is responsive to the substance of the pleading, which, in addition to requesting that a preliminary injunction issue to restrain Werner Enterprises, Inc. from completing the deck, requests also that the court order the work previously completed be removed. The latter seeks, and the judgment in conformity therewith grants, relief beyond that which a trial court might *832 properly grant upon hearing for a preliminary injunction.
In Kliebert Educational Trust v. Watson Marines Services, Inc., 454 So.2d 855 (La.App. 5th Cir.1984), writ denied, 457 So.2d 682 (La.1984), this court has observed that Louisiana Code of Civil Procedure article 3602 contemplates that preliminary and permanent injunctions are to be distinguished not merely by their titles but also by the procedures requisite for each. A preliminary injunction is decided in summary proceedings whereas a hearing for a permanent injunction is by way of ordinary proceedings, accompanied by a fully developed trial on the merits. An injunction on an ex parte application is obtainable only in cases where the purpose to be accomplished is to restrain or prohibit something from being done. When, however, the judgment commands the doing of something, it cannot be issued without first conducting a hearing on the merits. And, as we have previously stated in New Orleans Federal Savings & Loan Association v. Harry Lee, 425 So.2d 947 (La.App. 5th Cir.1983), a preliminary injunction, since it is designed only to preserve a status quo until a full merits determination can be had, may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if such relief is not granted. The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence rather than a prima facie showing. The distinction implicit has been succinctly summarized by this court in Matter of Kenilworth Ins. Co., 428 So.2d 1187 (La.App. 5th Cir.1983), quoting Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979), writ denied, 434 So.2d 1095 (La.1983), cert. denied, O'Connor v. Organ and Company, Inc., 464 U.S. 851, 104 S.Ct. 161, 78 L.Ed.2d 148 (1983). There we observe
A preliminary injunction is a procedural device, interlocutory in nature, designed to preserve the existing status pending a trial of the issues on the merits of the case. Even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit issues, the principal demand is determined on its merits only after a full trial under ordinary process. This rule is subject to the exception that, if the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction, the ruling on the preliminary injunction may definitively dispose of the merit issues.
Kenilworth at 1189-90.
In applying our statutory law and our jurisprudential guidelines, it is obvious that the second judgment requires affirmative actions on the part of Werner Enterprises. These actionsespecially the restoration of the old walkway along Westend Development's Paddlewheel building and the demolition of the present deck so as to effect a three-foot separation between the two buildingshave the effect of permanently disposing of real rights[1] never properly determined on a "merits" trial.
Additionally, the record does not show that a stipulation was had between the parties which would have allowed the trial court to dispose of the merit issues. Furthermore, we cannot say, as we have previously stated in Kliebert v. Watson Marines, supra, that the record shows that this hearing was not a limited one but rather a situation where both parties presented testimony, and the trial court permitted a full hearing on all issues in controversy and, therefore, the injunction had not been issued merely upon a prima *833 facie showing. Although the record is not clear, it is not convincing to us that a full hearing was had on the merits presented. Accordingly, we find that the far-reaching effects of the January 7, 1985 judgment do, in fact, present a situation wherein real rights of the appellant have been impermissibly prejudiced by the procedural methods employed.
The judgment appealed from is a final judgment, which disposes not only of the plaintiff's demand for a preliminary injunction but also of property rights of the defendant. Consequently, this judgment cannot be said to be an interlocutory decree, which relates only to preliminary injunction matters, but is a final decree disposing of the case on its merits. Therefore, the 15-day delay for taking an appeal from an order decree relating to a preliminary injunction as provided in article 3612 of the Louisiana Code of Civil Procedure is inapplicable. Instead, since the judgment appealed from is a final judgment disposing of the case on its merits, we conclude that the delays for appealing are those provided for in articles 2087 and 2123 of the Louisiana Code of Civil Procedure relating to devolutive and suspensive appeals generally. Since this appeal was perfected within those delays, the motion to dismiss must be denied.
For the reasons assigned, the appeal from the judgment dated August 16, 1984 is dismissed. The judgment of January 7, 1985 is set aside, and the matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be assessed against the appellee.
DISMISSED IN PART, SET ASIDE IN PART, AND REMANDED.
NOTES
[1] Although we do not so decide, these dispositions appear properly to present several questions never formally resolved. These include whether a servitude or, rather, a right of use underlies Werner's claims; whether trespass claims can figure in the delegation of rights between the grantee and the mortgagee upon the latter's foreclosure on the grantor's/mortgagor's title or, instead, whether accession governs such delegation; and, finally, whether there are indispensable parties not joined in this suit.