483 So.2d 1131 (1986)
William E. WALKER, Jr.
v.
INVESTMENT PROPERTIES, LTD.
No. 85-CA-532.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
Mark C. Landry, Newman, Drolla, Mathis, Brady & Wakefield, New Orleans, for defendant-appellant.
M. Arnaud Pilie, Pile and Pile, New Orleans, for plaintiff-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
*1132 GRISBAUM, Judge.
This appeal relates to injunctive relief. We set aside the judgment granting the supplemental injunction and remand.
FACTS
The plaintiff, Mr. William E. Walker, Jr., issued three promissory notes to the American Bank & Trust Company. The first note (subject of this injunction) is secured by the pledge of a collateral mortgage note identified with the collateral mortgage on two separate properties. The second note is secured by the pledge of a collateral mortgage note which is secured by a mortgage on one piece of ground. The third note is secured by the pledge of several shares of stock. All three notes apparently contain a cross-collateralization feature, the security for one note also pledged as security for the other two.
Investment Properties, Ltd., the defendant, purchased the notes from American Bank and sought collection on them. On January 14, 1985, the defendant made written demand on Walker for full payment on all notes. On January 28, Walker tendered a cashier's check for the principal and interest due ($344,125) and also offered a "reasonable" attorney's fee. The defendant refused, seeking the 30 percent attorney's fee ($103,237.77) as called for in the note. Walker deposited the $344,125 into the registry of the court and obtained a temporary restraining order prohibiting the defendant from foreclosing or disposing of the notes or their security. After a hearing, a preliminary injunction was issued. The defendant filed a motion for a new trial, and this was set for hearing on April 8, 1985.
In the meantime, Walker contracted to sell one of the properties securing the first note. In March 1985, the plaintiff and the defendant negotiated to partially settle the case in order to free this property for the sale. On March 27, 1985, on joint motion, the trial court ordered the sum of $202,087 returned to Walker, and Walker, at the same time, paid an equal amount (the proceeds of the sale) to Investment Properties, Ltd. The property sold was one of the two securing the first note for $150,000 and a partial release granted in exchange for payment. The principal and interest due on this first note was, at the time, $181,839.95.
On the same day, the plaintiff filed a petition for supplemental injunction seeking a preliminary injunction ordering the return of the first note and its collateral mortgage note. This rule was made returnable on April 8, 1985, the same date as the hearing on the defendant's motion for a new trial.
The defendant filed an exception of improper use of summary proceedings. This exception was overruled, the motion for a new trial was denied, and the supplemental preliminary injunction was granted. The defendant was ordered to release the first note to the plaintiff for cancellation. From this judgment, the defendant has appealed.
ISSUE
We are called upon to determine one principal issue: Whether the trial court erred, as a matter of law, in issuing, by summary proceeding, a preliminary (mandatory) injunction to compel surrender of a promissory note without a showing of irreparable injury.
LAW
Louisiana Code of Civil Procedure article 3601 provides for the issuance of an injunction in cases where irreparable injury, loss, or damage may otherwise result to the applicant, and that during the pendency of the action for the injunction, the court may issue a temporary restraining order, a preliminary injunction, or both. Louisiana Code of Civil Procedure article 3602 states that a preliminary injunction shall not issue unless notice is given and opportunity had for a hearing. Furthermore, these two procedural articles contemplate the use of summary process for the issuance of a preliminary injunction. Kliebert Educational Trust v. Watson Marines Service, Inc., 454 So.2d 855 (La.App. 5th Cir. 1984); Norton v. Lay, 360 So.2d 239 (La. App. 1st Cir.1978).
*1133 Our jurisprudence states that an injunction shall issue on ex parte application only in cases where the purpose to be accomplished is to restrain or prohibit something from being done. In its mandatory form, when it commands the doing of something, it cannot be issued without a hearing on the merits. Werner Enterprises, Inc. v. Westend Development Co., 477 So.2d 829 (La.App. 5th Cir.1985); Kliebert Educational Trust, supra; Red River v. Noles, 406 So.2d 294 (La.App. 3d Cir.1981). Furthermore, in the Kliebert Educational Trust case, this court affirmed the granting of a preliminary mandatory injunction where the defendant had not been prejudiced by the procedural method employed, was given full opportunity to present evidence on the merits of the case, and had notice that the plaintiff had requested mandatory injunctive relief.
The plaintiff herein seeks an injunction in its mandatory form, i.e. an order commanding the defendant to present the note for cancellation. In light of our jurisprudence, and upon reviewing the record, we find a hearing on the merits was not held as required. Upon granting the supplemental preliminary injunction, however, the trial judge cited Kliebert Educational Trust and stated in his "Reasons":
... The defendant had notice that a hearing would be held on the petition for Supplemental Injunction. He could not be certain that the exception [to the use of summary process] would be maintained. He argued against the release of the note, but produced no witnesses or evidence. Although the defendant urges he was not prepared for a full blown trial on the issues, the Court finds he was not prejudiced by the procedural method employed.
We also find the Kliebert Educational Trust case by no means dispenses with the requirement of a showing of irreparable harm pursuant to La.C.C.P. art. 3601. A careful reading of the Kliebert case reveals that injunctive relief was granted in that instance pursuant to La.C. C.P. art. 3663, which is available where a person in possession of a real right is disturbed. As that article clearly is not applicable to our facts, the plaintiff is burdened with showing irreparable harm or injury in order to obtain a mandatory injunction. See Lewis Dreyfus Corp. v. Continental Grain Co., 348 So.2d 1286 (La.App. 4th Cir.1977), writ denied, 355 So.2d 267 (La. 1978).
Finally, the record does not support a demonstration of irreparable injury. Although the plaintiff calculates the remaining securities as adequate, the showing made pursuant to article 3601 must be that he will suffer irreparable injury, not that the defendant will be free from injury. The record does, however, contain a preliminary injunction issued on February 27, 1985 prohibiting a foreclosure proceeding on the notes or the liquidating, pledging, selling, or disposing of any of the securities or collateral mortgage notes. We find this is sufficient protection for the plaintiff until the scheduled trial on the merits is held, at which time the contractual issue of cross-collateralization can be addressed.
CONCLUSION
Accordingly, we set aside the judgment granting the mandatory injunction and remand the matter for a trial on the merits. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.