554 So.2d 805 (1989)
Kirk D. MAESTRI, D.V.M.
v.
DESTREHAN VETERINARY HOSPITAL, INC., Patrick McKenna, D.V.M., Jack Moreau, D.V.M., and Destrehan Animal Hospital, Inc.
No. 89-CA-473.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1989.
*806 Richard J. Tomeny, Jr., Lynn Wasserman, Metairie, for plaintiff, appellee.
Thomas J. Eppling, Metairie, for defendants, appellants.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed by Kirk D. Maestri, D.V.M. (Maestri) against Destrehan Veterinary Hospital, Inc., Patrick McKenna, D.V.M. (McKenna), Jack Moreau, D.V.M. (Moreau) and Destrehan Animal Hospital, Inc. Suit was filed as a shareholder's derivative action as well as an individual action. Maestri seeks an injunction and damages. The trial judge granted a preliminary injunction directed to McKenna, Moreau, and Destrehan Animal Hospital. The merits of the damage claims were not decided. The defendants now appeal suspensively. We reverse in part; vacate in part, and remand.
The matter was submitted without objection on the affidavits and record. No stipulation was entered into by the parties that the present hearing on the preliminary injunction was to be consolidated with the trial on the permanent injunction.
The affidavits set forth the following:
Maestri and McKenna averred they are each 50% shareholders in Destrehan Veterinary Hospital, Inc. The corporation was formed in 1984 in order to open a veterinary clinic at 4600 River Road, Destrehan, Louisiana. Maestri stated he and McKenna signed a lease for the 4600 address which expired June 30, 1989.
McKenna further averred the following: In December, 1988 he informed Maestri he would not renew the lease. McKenna suggested liquidation of the now-deadlocked corporation. Maestri locked McKenna out of the office on April 20, 1989 seizing substantially all of the corporate assets.
However, Maestri averred reminder cards were missing and he believed these to be in the possession of the defendants/appellees. He also asserted confidential information was taken and used to solicit clients for Moreau and McKenna's new hospital.
McKenna admitted he and Moreau, a full-time veterinarian-employee of the older hospital, formed a corporation in June, 1989 for the practice of veterinary medicine. Maestri averred the new hospital operated by McKenna and Moreau, the Destrehan Animal Hospital, opened for business on or about April 24, 1989 at 4606 River Road. The location was next door to the older hospital.
Moreau signed an employment contract. The relevant portions of the employment contract were as follows:
[t]he terms of this agreement shall expire June 11, 1987, unless dissolved by mutual agreement before that time.
* * * * * *
*807 It is agreed, in the event of the termination of this employment by either party, with or without cause, that for a period of two (2) years after such termination:
The employee may not go into business alone or in conjunction with one or more others or in the employ of any person or legal entity, where the business of such employment shall be the same or similar to that of Employer within nine (9) miles from the Destrehan Veterinary Hospital, or in Harahan or River Ridge.
Furthermore, Employee will not solicit any patients of Employer upon such termination;
Employee also agrees he will not transmit or reveal any information, written or oral, concerning the patients of Employer upon such termination;
Employee also agrees he will not transmit or reveal any information, written or oral, concerning the patients of Employer or method of operation to a competitor.
Employee also agrees to pay Employer the sum of $10,000.00 should he violate any of the provisions of Section 5 of this Employment Agreement.
Maestri averred despite the non-competition and non-solicitation clauses in Moreau's contract, Moreau, McKenna, their employees and employees of the older hospital scheduled clients of the older hospital for the newer one rather than the original hospital. Maestri further attested the scheduling occurred while defendants/appellees were still associated with the older hospital. Since the new hospital opened, the older hospital has had a decrease of $257.00 per day in revenue.
McKenna and Moreau disputed the allegations regarding solicitation of clients.
Maestri and McKenna also disagreed regarding the amount of work performed by McKenna to justify McKenna's salary.
The trial judge rendered in pertinent part the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein directed to Patrick McKenna, Jack Moreau, and Destrehan Animal Hospital, Inc., restraining, enjoining, and prohibiting them, their agents, employees, and all persons, firms or corporations acting or claiming to act in their behalf, or in concert with them, from:
(1) Operating the veterinary clinic known as Destrehan Animal Hospital at 4606 River Road, Destrehan, Louisiana;
(2) Inducing, influencing, or attempting to influence patients/customers of Destrehan Veterinary Hospital to begin treating with or otherwise doing business with Destrehan Animal Hospital;
(3) Disclosing to any person or organization, any confidential patient information belonging to Destrehan Veterinary Hospital.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Patrick McKenna, Jack Moreau, and Destrehan Animal Hospital, Inc. immediately return any and all confidential information and files, patient reminder cards, patient x-rays and any other files or documents relating in any way to Destrehan Veterinary Hospital and/or its patients and clients.
Appellants have specified the following errors:
1. There is no showing of irreparable harm, injury or damage to plaintiff-appellee;
2. There is no showing that plaintiff-appellee will likely prevail on the merits of his claim;
3. The claim of fiduciary duty is a claim ex contractu and are for which damages are ascertainable ... injunctive relief is improper;
4. The non-competition clause in Moreau's contract was unenforceable under the provisions of La.R.S. 23:921;
5. In the alternative, if the non-competition clause of the employment contract is enforceable then the injunction improperly issued against Moreau because the contract contained a liquidated damages clause in the event of a breach;

*808 6. Injunction is an improper remedy where an enforceable employment contract contains a liquidated damages clause, and
7. Injunction is an improper remedy when the petitioner can be compensated in money damages or when the damages can be measured by a pecuniary standard.
MANDATORY INJUNCTION:
The trial court ordered that McKenna, Moreau and Destrehan Animal Hospital, Inc. return certain documents belonging to Destrehan Veterinary Hospital. This order requires affirmative actions on the part of McKenna, Moreau and Destrehan Animal Hospital, Inc. It constitutes a mandatory injunction since an injunction is "[i]n its mandatory form, when it commands the doing of something." Walker v. Investment Properties, Ltd., 483 So.2d 1131, 1133 (La.App. 5th Cir.1986). The remaining portions of the order deal with a prohibition against acting and are treated separately from the discussion herein.
Appellants assert the injunction was wrongfully issued as there was "no showing of irreparable harm, injury or damage to plaintiff-appellee" and "no showing that plaintiff-appellee will likely prevail on the merits of his claim." Thus, appellants argue the burden of proof was not met for the issuance of the injunction.
We agree the burden was not met with regard to the issuance of the mandatory injunction ordering affirmative actions. This type of injunction "cannot be issued without a hearing on the merits." Walker, supra at 1133 and the cases cited therein. In the present case there has been no hearing on the merits. The matter was ruled upon on the basis of the record and affidavits. Furthermore, there was no stipulation by the parties to consolidate trial on the merits of a permanent injunction with the present rule for the preliminary injunction. Absent such a stipulation the Louisiana Supreme Court remanded a case to the trial court. Dunn v. Sutton, 381 So.2d 1221 (La.1980).
The Fourth Circuit explained in Transworld Drilling v. Tex. Gen. Petro., 517 So.2d 1262, 1263 (La.App. 4th Cir.1987):
[t]he trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties, no matter how thoroughly the merits have been treated, even by the court of appeal. Arbour v. Total CATV, Incorporated, 400 So.2d 1155 (La.App. 1st Cir.1981). See Dunn v. Sutton, 381 So.2d 1221 (La.1980), in which certiorari was granted and the case remanded to the trial court despite a thorough treatment of the merits both at trial and on appeal in Dunn v. Sutton, 378 So.2d 485 (La.App. 1st Cir.1979).
We held it improper for a trial court to grant a mandatory injunction upon the hearing of a preliminary injunction. Werner Enterprises v. Westend Development Co., 477 So.2d 829 (La.App. 5th Cir.1985). In Werner Enterprises at 832 we explained:
In Kliebert Educational Trust v. Watson Marines Services, Inc., 454 So.2d 855 (La.App. 5th Cir.1984), writ denied, 457 So.2d 682 (La.1984), this court has observed that Louisiana Code of Civil Procedure article 3602 contemplates that preliminary and permanent injunctions are to be distinguished not merely by their titles but also by the procedures requisite for each ... An injunction on an ex parte application is obtainable only in cases where the purpose to be accomplished is to restrain or prohibit something from being done ... a preliminary injunction, since it is designed only to preserve a status quo until a full merits determination can be had, may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if such relief is not granted. The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence rather than a prima facie showing.
The trial court's order that certain documents be returned has the effect of a *809 permanent and mandatory injunction which was never properly determined by a merits trial and for which no stipulation was entered into to consolidate the rule for a preliminary injunction with the trial on the permanent injunction.
Accordingly, the trial judge in applying the prima facie standard of proof erred since the standard of proof for issuing a permanent mandatory injunction is the preponderance of the evidence. Werner Enterprises, supra.
MOREAU:
Moreau was employed as a veterinarian by the older hospital. His employment contract contains two-year non-competition, non-solicitation and non-disclosure clauses. It also provides for liquidated damages in the event of a breach. It is uncontroverted Moreau opened his new business before the end of the two-year prohibition. Therefore, the issues are (1) whether an alleged breach of these clauses entitled McKenna and the older hospital to injunctive relief, and (2) If so, then is injunctive relief inappropriate when the injuries allegedly suffered can be compensated by money damages.
Non-Competition Clause
La.R.S. 23:921 (pre-1989)[1], in effect at the time of the employment contract at issue, provides:
No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years.
*810 The Louisiana Supreme Court construed former La.R.S. 23:921 to bar the enforcement of a non-competition clause unless the following applies:
If an employer extensively advertises a particular employee as the man to go to for the employer's type of services, it is not unfair to protect the employer's investment in this particularized asset by authorizing a limited non-competition agreement to prevent the advertised employee from misusing it. If an employer spends a substantial sum affording special training to an employee, it may not be unfair to protect the employer by authorizing a limited non-competition agreement to prevent the employee from using this specialized training for the benefit of another in competition with his former employer.
However, as the Conque [National Motor Club of La., Inc. v. Conque, 173 So.2d 238 (La.App. 3rd Cir.1965), writ denied, 247 La. 875, 175 So.2d 110 (La. 1965)] line of cases holds, normal expenses of administration and supervisionsuch as employee sales and training meetings, the time spent breaking in a new employee, training courses in the administrative needs of the employer itselfcannot be considered the sort of "training" expense intended to justify the heavily disfavored non-competition agreement. Almost any employer could so tie his employees by exacting a non-competition agreement. As Conque notes, 173 So.2d [at] 241: "What the legislators must have intended, it seems to us (since they did not repeal the basic prohibition against such contracts as void as against the public policy of the state), was to protect the investment of those employers who afford special training of a substantial nature to their employees, and to encourage them to do so."

Orkin Exterminating Company v. Foti, 302 So.2d 593 (La.1974) at 597.
Our review of the affidavits and record reveals no showing that any expense was undertaken by the older hospital in providing Moreau with specialized training or in advertising Moreau "as the man to go to for [the hospital's] type of services." Orkin, supra at 597.
Accordingly, the trial judge erred in granting a preliminary injunction issued against Moreau restraining, prohibiting, and enjoining Moreau, his agents, employees, all persons, firms or corporations acting or claiming to act in his behalf, or in concert with him, from competing with Destrehan Veterinary Hospital by operating the veterinary clinic known as Destrehan Animal Hospital at 4606 River Road, Destrehan, Louisiana.
Non-solicitation of Former Clients by a Former Employee
We have applied La.R.S. 23:921 and the Orkin, supra bar to non-competition agreements to non-solicitation clauses as well. Bugs Burger Bug Killers, Inc. v. Keiser, 463 So.2d 45 (La.App. 5th Cir.1985). In Keiser, supra, we explained at 46:
Our jurisprudence has found no distinction between noncompetitive and nonsolicitation agreements by holding that Louisiana Revised Statute 23:921 is applicable to a nonsolicitation clause. They have further stated that such a clause which prohibits former employees from soliciting their former employer's customers are unenforceable unless the statutory proviso applies that the employer show expenditures of substantial sums in the training of the employee or in advertising the employee's connection with his business.
Therefore, the trial judge erred when he granted a preliminary injunction issued against Moreau, prohibiting, restraining and enjoining Moreau, his agents, employees, all persons, firms or corporations acting or claiming to act in his behalf, or in concert with him from inducing, influencing, or attempting to influence patients/customers of Destrehan Veterinary Hospital to begin treating with or otherwise doing business with Destrehan Animal Hospital.
Nondisclosure
In NCH Corp. v. Broyles, 749 F.2d 247 (5th Cir.1985) the United States *811 Fifth Circuit Court of Appeals held an agreement "not to use confidential information is enforceable if ... the information used is in fact confidential." Id. at 253. The United States Fifth Circuit Court of Appeals held that although a contract not to compete is invalid, an agreement not to disclose confidential information may not be. Id. at 253. It stated at 254:
Even in the absence of a contract not to disclose confidential information, an agent has a duty not to use or communicate information given to him in confidence in competition with or to the injury of the principal unless the information is a matter of general knowledge. The agent has a duty after the termination of the agency "not to use or to disclose to third persons, on his own account or on account of others, in competition with the principal or to his injury, trade secrets... or other similar confidential matters..." The Restatement of the Law of Agency indicates that these rules apply "not only to those communications which are stated to be confidential, but also to information which the agent should know his principal would not care to have revealed to others or used in competition with him. It applies to unique business records of the employer, trade secrets, lists of names and all other matters which are peculiarly known in the employer's business."
We conclude an agreement restricting disclosure of confidential information is enforceable. However, we find a preliminary injunction is improper in this instance since the losses claimed are compensable by money damages should damages be proven.
In Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314, 319 (La.1981) the Supreme Court held:
La.C.C.P. art. 3601 provides that an injunction shall issue where irreparable injury, loss or damage would otherwise result to the applicant. Irreparable injury is considered to be a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard. Pennington v. Drews, 209 La. 1, 24 So.2d 156 (1945); City of Lake Charles v. Lake Charles Ry., L. & W. Co., 144 La. 217, 80 So. 260 (1918).
We have held "[t]he solicitation and diversion of an employer's customers prior to termination constitutes unfair competition entitling the plaintiff to recover damages." Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985), writ denied 468 So.2d 1207 (La.1985) at 758.
Maestri averred profits were down by $257.00 per day since the alleged unfair practices. Therefore, by his own admission any damages suffered are compensable by money damages.
Moreover, we agree with our brothers in the Third Circuit that "[t]he loss of business or sales, [and] goodwill ... can be calculated in monetary terms in a suit for such damages." Huber Oil Co. of Louisiana v. Save-Time, 422 So.2d 597 (La.App. 3rd Cir.1982) at 600.
MCKENNA AND DESTREHAN ANIMAL HOSPITAL:
Plaintiff has filed an action for damages against McKenna, Moreau and Destrehan Animal Hospital for damages resulting from the alleged loss of business due inter alia to unfair trade practices. As such damages can be calculated, there is no showing of irreparable harm to merit the granting of a preliminary injunction.

DECREE
Accordingly, the judgment granting the following preliminary injunctions is reversed:
IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein directed to Patrick McKenna, Jack Moreau, and Destrehan Animal Hospital, Inc., restraining, enjoining, and prohibiting them, their agents, employees, and all persons, firms or corporations *812 acting or claiming to act in their behalf, or in concert with them, from:
(1) Operating the veterinary clinic known as Destrehan Animal Hospital at 4606 River Road, Destrehan, Louisiana;
(2) Inducing, influencing, or attempting to influence patients/customers of Destrehan Veterinary Hospital to begin treating with or otherwise doing business with Destrehan Animal Hospital;
(3) Disclosing to any person or organization, any confidential patient information belonging to Destrehan Veterinary Hospital.
It is now ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendants-appellants and against the plaintiff rejecting the plaintiff's demand for a preliminary writ of injunction.
The judgment granting the following mandatory injunction is vacated and the matter is remanded for trial on the merits of the mandatory injunction consistent with the views expressed herein:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Patrick McKenna, Jack Moreau, and Destrehan Animal Hospital, Inc. immediately return any and all confidential information and files, patient reminder cards, patient x-rays and any other files or documents relating in any way to Destrehan Veterinary Hospital and/or its patients and clients.
REVERSED AND RENDERED IN PART; VACATED IN PART, AND REMANDED.
NOTES
[1] La. R.S. 23:921 was amended in 1989. It now provides: To amend and reenact R.S. 23:921, to prohibit contracts which restrain the exercise of a lawful profession, trade, or business, to provide for exceptions, to authorize certain noncompetition and nonsolicitation agreements and damages and injunctive relief for nonperformance thereof, and to provide for related matters.

Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 23:921 is hereby amended and reenacted to read as follows:
Section 921. Restraint of business prohibited; competing business, contracts against engaging in; provisions for
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade or business of any kind, except as provided in this Section, shall be null and void.
B. A person who sells the goodwill of a business may agree with the buyer that the seller will refrain from carrying on or engaging in a business similar to the business being sold or from soliciting customers of the business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, not to exceed a period of two years.
C. A person who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years.
D. Upon or in anticipation of a dissolution of the partnership, partners may agree that none of the partners will carry on a similar business within the same parish or parishes, or municipality or municipaities* [sic], or within specified parts thereof, where the partnership business has been transacted, not to exceed a period of two years.
E. Any agreement covered by Subsections B, C, or D of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.
Approved by the Governor, July 7, 1989.