KNOLL, Judge,
concurring.
I agree with the ultimate disposition of this case. However, I feel it necessary to comment further because of the procedural anomaly of these proceedings. Accordingly, I am providing a chronological sketch so that the disposition can be placed into perspective.
On September 2, 1991, William and Elizabeth Woodward filed suit against Robert and Melinda Tadlock, seeking a preliminary injunction from:
“... constructing any works, including, but not limited to, a wharf and/or boathouse opposite Petitioners’ home and South of the westerly extension of the boundary line separating the property owned by Petitioners from the property owned by Defendants.”
The court set the show cause hearing on Woodwards’ petition for preliminary injunction for September 24, 1992.
On September 11, 1992, the Tadlocks answered the Woodwards’ petition, denying the contested allegations and asserting that the Woodwards failed to state a cause of action or right of action against defendant. In particular, the Tadlock’s singled out the following allegations raised in the Wood-wards' petition:
“The aforedescribed, proposed construction will interfere with Petitioners [the Woodwards’] right of access to, and passage over, Prien Lake. It will obstruct Petitioners’ view of the lake and of all points westward of their home and, in turn, will cause Defendants [the Tad-locks], their invitees and licensees to disturb Petitioners’ right of privacy. It will interfere with Petitioners’ enjoyment of their property and home, cause them great inconvenience; and damage the value of Cyprien Estates, in general, and of their home, in particular.”
In a separate pleading, filed also on September 11, 1992, the Tadlocks moved for summary judgment, alleging:
“2. The necessary regulatory bodies, including the U.S. Army Corps of Engineers, have granted permits to the defendants to construct the improvements referenced in the plaintiffs’ demand.
3. Under applicable law and jurisprudence, the plaintiffs have no cause nor right of action against these defendants.”
Purportedly attached to their memorandum in support of their motion for summary judgment were four documents: (1) the Woodwards’ petition in federal court objecting to the Tadlocks’ permit application; (2) a photocopy of the Corps of Engineer’s permit issued to the Tadlocks; (3) a plat showing the property of the Woodwards and the Tadlocks; and, (4) a plat showing the proposed pier which the Woodwards planned to build. Even though these documents were referenced in the Tadlocks’ motion for summary judgment, they were not physically attached to their motion for summary judgment and were not introduced into the record until a later hearing.
On September 22, 1992, after posting a $2,500 bond, the Woodwards obtained a TRO, halting the construction by the Tad-locks.
On September 23, 1992, the Tadlocks filed a motion to dissolve the temporary restraining order, contending that the district court had no authority to inquire into the propriety of the granting of the Corps of Engineer permit. In connection with this motion, the trial court issued an order calling for a show cause hearing on October 5, 1992.
On September 28, 1992, the Woodwards filed an opposition to the Tadlocks’ motion for summary judgment, opposing the mo *878 tion on the grounds that: (1) the motion for summary judgment had never been served, nor had a hearing date been set on the motion; (2) the peremptory exceptions of no cause or right of action had been improperly presented in a motion for summary judgment; and (3) attaching an affidavit executed by William Woodward (with photographs attached and identified in the affidavit).
On September 28, 1992, a hearing was held in district court. The purpose for the hearing is not clear from the record, since the hearing date does not conform with any set in conjunction with motions filed by the parties. From the transcript, it appears that the ultimate purpose was the disposition of the Tadlocks’ motion for summary judgment. Nevertheless, the trial court concluded as follows:
“The Court ... is going to dissolve the TRO that was issued originally in this matter on the ground that there is no jurisdiction ... The case is dismissed completely on the jurisdiction of the Court, yes, for lack of jurisdiction because of the permit of the federal government.”
I find that the trial court clearly erred in granting the motion for summary judgment. First, none of the formalities attendant to that procedural device were complied with: the motion for summary judgment was not properly served; no hearing date was set; there were no accompanying affidavits or documentary evidence filed by the Tadlocks with their motion; and, the Tadlocks were improperly allowed to present supporting, uncertified copies of a federal permit, as well as other associated documents, on the day of the hearing.
In the end, however, I find that the trial court basically dismissed the Woodwards’ petition because it thought that it lacked subject matter jurisdiction. For the reasons which follow, I find that this ruling is incorrect.
An exception of lack of subject matter jurisdiction is a declinatory exception. LSA-C.C.P. Art. 925. Unlike the other dec-linatory exceptions, lack of subject matter jurisdiction is not waived if it is not pleaded prior to answer. Likewise, it is a matter which may be raised at any time, even by the court on its own motion at any state of an action. Louisiana Power and Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir.1969), writ denied, 254 La. 1165, 229 So.2d 350 (1969).
Assuming for the moment that the trial court properly considered the issue of lack of subject matter jurisdiction, I do not find that the trial court lacked subject matter jurisdiction to address the Woodwards’ petition.
The Tadlocks’ Corps of Engineer permit was issued pursuant to 33 U.S.C.A. § 403. Commenting on this statute, our Brethren of the Louisiana Fifth Circuit stated that the effect of that act made the erection of a structure in a navigable body of water dependent upon the concurrent or joint assent of the national and state government. Kliebert Educ. Trust v. Watson Marines Serv., 454 So.2d 855 (La.App. 5th Cir.1984), writ denied, 457 So.2d 682 (La.1984), cert. denied, 471 U.S. 1050, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985). Assuming that the Tadlocks’ permit was properly admitted into evidence, the language of that permit exemplifies the Kliebert holding by providing in pertinent part:
“2. Limits of this authorization.
a. This permit does not obviate the need to obtain other Federal, state, or local authorizations required by law.
b. This permit does not grant any property rights or exclusive privileges.
c. This permit does not authorize any injury to the property or rights of others.” (Emphasis added.)
These statements show me that the mere acquisition of a federal permit does not withdraw consideration of the property rights of Louisiana citizens from Louisiana courts. Further, in their motion for summary judgment and their accompanying memorandum, the Tadlocks generally state that they obtained all local and state permits, however, this documentation was not presented to the trial court and does not appear in the record.
*879 In the end, I find the reversal and remand of the trial court judgment is correct. I further find that because the evidence will have to be developed at trial on the merits, the resolution of any declinatory exception of lack of subject matter jurisdiction would have to be referred to the merits.
For these reasons, I respectfully concur.