STEWART, J.,
dissenting in part.
hBecause I would reverse that part of the judgment ordering the defendants to remove the obstructions that block the natural drain of Cypress Creek across their property, or authorizing the Richland Parish Police Jury to do so, I disagree with the majority’s determination that the trial court did not err in granting this preliminary injunctive relief.
Issuance of a mandatory preliminary injunction requires the party seeking the injunction to prove entitlement to such relief by a preponderance of the evidence at an evidentiary hearing. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; Reasonover v. Lastrapes, 09-1104 (La.App.5th Cir.5/11/10), 40 So.3d 303; Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 2004-0270 (La.App. 1st Cir.3/24/05), 906 So.2d 660. The required evidentiary hearing has been referred to as “a full trial on the merits.” Denta-Max v. Maxicare Louisiana, Inc., 95-2128, p. 3 (La.App.4th Cir.3/14/96), 671 So.2d 995, 998. In fact, there is some jurisprudential support for the position that it is improper to grant a mandatory injunction at a hearing on a preliminary injunction. Id.; Maestri v. Destrehan Veterinary Hosp., Inc., 554 So.2d 805 (La.App. 5th Cir.1989); Werner Enterprises v. Westend Dev. Co., 477 So.2d 829 (La.App. 5th Cir.1985); Kliebert Educational Trust v. Watson Marines Services, Inc., 454 So.2d 855 (La.App. 5th Cir.1984), writ denied, 457 So.2d 682 (La.1984) See also Chalmette Amusement Co., Inc. v. Alphonso, 2007-1512 (La.App.4th Cir.4/16/08), 983 So.2d 239, Tobias, J., concurring in part Land dissenting in part, who posits that it is not possible to issue a mandatory preliminary injunction because it has different procedural rules and evi-dentiary burdens from preliminary injunctions, is essentially the same as a permanent injunction, and must be issued upon a full trial on the merits.
Here, an evidentiary hearing was held on the defendants’ exception of res judica-ta and the plaintiffs’ request for a preliminary injunction. The trial court’s remarks at the end of the hearing indicates that it did not consider the hearing to be a trial on the merits. There was no stipulation by the parties that the hearing would constitute a full trial on the merits. Without the benefit of a full trial on the merits, the trial court imposed a mandatory preliminary injunction, which has the same effect as a permanent injunction and does not maintain the status quo. As the basis for its ruling, the trial court concluded that irreparable harm would result if the obstruction on defendants’ property is not removed. It is not clear whether the trial court and the parties were even operating under the correct legal requirements for determining whether a preliminary mandatory injunction should issue.
I would find that the trial court abused its discretion in ordering a preliminary mandatory injunction, reverse that part of the judgment, and remand for a full trial on the merits.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY and SEXTON, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.